WALTER M. WEAVER AND MARTHA SEXTON v. M. F. KIRBY, ADMR. OF NANNIE E. KIRBY, AND B. G. FAW, ADMR. WITH WILL ANNEXED OF W. H. PERKINS.

(Filed 7 November, 1923.)

1. **Wills—Devises—Statutes—Title — Trusts — Indefinite Beneficiaries— Powers.**

A devise to the wife of all of the testator's property, real, personal or mixed, with full management and control thereof during her natural life; that she shall enjoy full benefits thereof with power to sell and dispose of it at her discretion, and that it was the testator's will and desire that she shall devise whatever property she has not thus disposed of during her natural life, or the proceeds thereof, to the person or persons who have been the "kindest to us in aiding and comforting us in our old age," whether kinsman or stranger: *Held*, under the provisions of C. S., sec. 4162, the wife acquired a fee-simple title, and there being no definite person or persons in whose favor a trust could be created, upon the death of the wife, intestate, the property or estate descends to her heirs at law, or legal representatives.

2. **Parties—Misjoinder—Demurrer—Appeal and Error.**

It is a misjoinder of parties for plaintiffs to sue in the same action the administrator or personal representative of a deceased person for the separate value of their services rendered to the deceased before his death, and upon their appeal from a ruling sustaining defendants' demurrer, the action will be dismissed without prejudice to their rights.

CIVIL ACTION, heard on demurrer to the complaint, before *Lane, J.,* and by consent, at September Term, 1923, of ALLEGHANY.

The action is to assert the right and claim of plaintiffs to the property of W. H. Perkins, deceased, under and by virtue of his last will and testament, and as the persons who had been "kindest to said devisor and his wife, Nannie E. Perkins, in their old age," etc.; and in setting forth their cause of action the complaint alleged, among other things, the following:

That said W. H. Perkins died in July, 1916, leaving a large estate and making disposition thereof in his last will and testament, as follows:

"In the name of God, Amen: I, W. H. Perkins, of the county of Ashe and State of North Carolina, being of sound mind and memory, but considering the uncertainty of this frail and transitory life, do, therefore, make, ordain, publish and declare this to be my last will and testament.

"First. My executor, hereinafter named, shall give my body a decent burial, suitable to the wishes of my friends and relatives, and erect a suitable monument to mark my resting-place, and pay all funeral expenses, together with all my just debts which may come into his hands out of my estate.

"Second. I give and devise to my beloved wife, Nannie E. Perkins, all my property—real, personal, and mixed.

"Third. It is my will and desire that my beloved wife, Nannie E. Perkins, shall have the full management and control of said property her natural life, and that she shall enjoy the benefits of the same, and shall have full power to sell and dispose of the same at her discretion.

"Fourth. It is my will and desire that, in the event my beloved wife, Nannie E. Perkins, does not dispose of said property during her natural life, or in the event she does dispose of it, that at her death she shall devise said property, or proceeds thereof, to the person or persons who have been the kindest to us in aiding and comforting us in our old age, whether such person or persons be kinsman or stranger.

"Fifth. I hereby constitute and appoint my beloved wife, Nannie E. Perkins, my lawful executor, to all intents and purposes, to execute this my last will and testament according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

"In witness whereof, I, the said W. H. Perkins, do hereby set my hand and seal, this the 21st day of September, 1904.

"W. H. PERKINS.    [Seal]"

That his wife, Nannie E. Perkins, duly qualified as executrix of his will, and, having afterwards intermarried with defendant M. F. Kirby, died, on 24 December, 1922, without having fully administered on said estate and without making disposition of her own property subsequent to her second marriage. That defendant B. G. Faw has duly qualified as administrator, with the will annexed, of said W. H. Perkins, and M. F. Kirby has duly qualified as administrator of Nannie E. Kirby (formerly Mrs. Nannie E. Perkins). That said Nannie E. Perkins executed a will of her estate in favor of W. H. Perkins at same time and in terms substantially similar to his will in her favor, but, same having been revoked by her subsequent marriage (C. S., sec. 4134), same is not set out or further referred to. That a large sum of the estate of W. H. Perkins is now on hand and unadministered, and with no creditors having any claims thereon, and that under the fourth item of said will plaintiffs are entitled to said estate as the persons "who have been kindest to W. H. Perkins and wife in their old age," etc.

The claims of the respective parties under this position being more particularly stated in the complaint, as follows:

"That for several years prior to the death of the said W. H. Perkins he became of feeble health, and at the time of his death was of about the age of seventy-five years, and had retired from the active management of his said business, and had retained the plaintiff, Walter M.

Weaver, and entrusted the management of his business to the said Walter M. Weaver, who, for more than two years prior to the death of the said W. H. Perkins, had devoted a large portion of his time in the management of the business, aiding and comforting the said W. H. Perkins and his said wife, Nannie E. Perkins, and they relied upon him, and no one else, in the management thereof. And at the time of his death, in his last sickness, requested the said Nannie E. Perkins to retain the said Walter M. Weaver in the management and control of all of her business and the business of his estate, in the conduct and management thereof. And that, after the death of the said W. H. Perkins, the said Nannie E. Perkins made repeated request of the said Walter M. Weaver to remain in control and management of her business, and, in compliance with the request of the said W. H. Perkins, and of her own desire, the said Nannie E. Perkins retained and kept in control the said Walter M. Weaver in the management of the business and in aiding and comforting her in her old age, who at the time of her death was of the age of about seventy-five years, and had been in feeble health for some time, unable to attend to business ever since the death of the said W. H. Perkins. And the said Walter M. Weaver devoted his time and attention for a number of years in aiding and comforting the said W. H. Perkins and his said wife, Nannie E. Perkins, with the assurance on the part of both of them that he would be well provided for under their last will and testament.

"That the plaintiff Martha Sexton, now of about the age of forty years, has lived with the said W. H. Perkins and wife, Nannie E. Perkins, and constantly attended and aided and comforted the said W. H. Perkins and his said wife, Nannie E. Perkins, for sixteen years prior to the death of the said Nannie E. Perkins, having entire control and management of their household affairs, attending them in their feeble condition, and comforting and aiding them in their old age and last sickness, with no one else other than the plaintiffs in any way aiding or comforting them, or in any way manifesting an interest in their comfort and welfare, or in the management of their business."

Thereupon plaintiffs demand judgment "That the amount due them under the will of W. H. Perkins be paid over to them, and for other and further relief," etc.

The defendants demur to the complaint, in terms as follows:

"1. That the complaint does not state facts sufficient to constitute a cause of action, for the reason that the facts alleged are not sufficient to base an action upon *quantum meruit,* nor does it state any specific value of the alleged services, nor that plaintiffs had not been compensated in full for the value of all the alleged services rendered.

"2. That by the terms of the will of W. H. Perkins he expressed a desire that his widow, Nannie E. Perkins, 'should devise any property he had devised and bequeathed to her to the person or persons who had been the kindest to us in our old age, whether such person be kinsman or stranger,' thereby investing in her a personal discretion which she never exercised, and which no person except her could exercise, it being her sole and only province to determine who had been kindest to W. H. Perkins and herself in aiding and comforting them in their old age.

"3. That the alleged cause of action of the plaintiff W. H. Weaver is improperly joined with that of plaintiff Martha Sexton. It is not alleged what portion of the property described in the complaint each is entitled to, or the amount either is entitled to recover as between themselves; in fact, the complaint discloses an adverse interest of the plaintiffs themselves, and not a joint interest.

"4. That the will of W. H. Perkins gave his property to Nannie E. Perkins, who survived him, coupled with a trust, desire, or power, which she, it appears, never exercised, and which no one except herself could exercise or know how to exercise, and no court could ascertain or direct, and, therefore, the plaintiffs are not entitled to recover anything on account of the execution of the said will of W. H. Perkins or on account of any facts alleged in their complaint."

There was judgment sustaining demurrer, and plaintiffs except and appeal.

*J. B. Councill and Holton & Holton for plaintiffs.*
*T. C. Bowie and Doughton & Higgins for defendants.*

HOKE, J.    Our statute provides that when real estate shall be devised to any person, the same shall be held and construed as a devise in fee simple, unless such devise shall in plain and express words show, or. it shall be plainly intended by the will or some part thereof, that the testator intended to convey an estate of less dignity; and under the terms of this statute, and. from a perusal of the terms of the will itself of W. H. Perkins, it is clear that he intended to and did confer upon his wife, Nannie E. Perkins, the absolute ownership in all of his property. C. S., sec. 4162; *Smith v. Creech, ante,* 187; *Fellowes v. Durfey,* 163 N. C., 313; *Bass v. Bass,* 78 N. C., 374; *Newland v. Newland,* 46 N. C., 463.

This being true, the plaintiffs have set forth no valid claim on the estate of W. H. Perkins, not under any devise of the wife, for she has made none in their favor, nor by way of impressing a trust upon the property, by reason of the uncertainty as to the beneficiary, or rather by an entire failure to designate one. *St. James v. Bagley,* 138 N. C.,

384-393, quoting with approval from *Morice v. Bishop,* 10 Vesey, 536; *Bridges v. Pleasants,* 39 N. C., 26; *Hester v. Hester,* 37 N. C., 330; *Tilden v. Green,* 130 N. Y., 29; *Pritchard v. Thompson,* 95 N. Y., 76; *Howard v. Carusi,* 109 U. S., 725; Story's Equity Jurisprudence, 13 Ed., sec. 1070; Bispham Equity, 9 Ed., sec. 65; Gardner on Wills, p. 546.

In the citation to Story, the principle is stated as follows:

"Whenever the objects of the supposed recommendatory trust or power are not certain or definite, whenever the property to which it is attached is not certain or definite, whenever a clear discretion or choice to act or not to act is given, whenever the prior disposition of the property imports absolute and uncontrollable ownership, in all such cases courts of equity will not create a trust in words of this character."

In Bispham the author approves the statement: "That to constitute a valid trust, undoubtedly three circumstances must concur—'sufficient words to raise it, a definite subject, and an ascertained object.' "

And in Gardner on Wills it is said: "As a general rule, whoever is capable of taking and holding the legal title to property under a will may, as beneficiary, receive the equitable title; and as the legal estate can only be conferred upon a definite taker, the beneficiary likewise must be certain and definite." And, further, a trust without a definite beneficiary, who can claim its enforcement, is void.

From these two positions the estate of absolute ownership conferred upon the wife, and the utter failure to designate a beneficiary—and they are both in accord with well-considered authority—it necessarily follows, as stated, that no interest or estate would arise to plaintiffs under the fourth item of the will of W. H. Perkins, but the question is left entirely to the discretion of the wife, to be exercised, or not, as she may determine; and she having failed to act in the matter, the property will go to her heirs and legal representatives. *Bass v. Bass,* 78 N. C., 374; *Alston v. Lea,* 59 N. C., 27; and *Springs v. Springs,* 182 N. C., 484; *Carter v. Strickland,* 165 N. C., 69, and cases cited, are in full support of the position.

A demand for payment of services rendered by these plaintiffs, as in a *quantum meruit,* was not insisted on in the argument before us, and properly so, for in that aspect of the matter, there being a misjoinder, both of parties and causes of action, the demurrer must also be sustained and the action dismissed, without prejudice, however, to the right of the parties separately to prosecute any claim they may have for services rendered. *Shore v. Holt,* 185 N. C., 312; *Roberts v. Mfg. Co.,* 181 N. C., 204.

Demurrer sustained and action dismissed.