EMMA A. O'QUINN v. EDWARD E. CRANE AND WIFE, FLORENCE E. CRANE.

(Filed 24 January, 1925.)

**Wills—Devise—Powers—Estates—Trustees—Title—Remainders.**

> A devise to a trustee of testator's estate with direction that the trustee shall turn over to the testator's wife a part or all thereof, to be used by her without let or hindrance, upon her written demand, with direction that the receipt shall be a full and complete discharge of the trustee's liability, and should any part remain, then to his wife's daughter by a former marriage whom he designated as his own daughter in his will: *Held*, upon the wife's demand in conformance with the terms of the will of the entire estate, it was the testator's intent that she should have a fee-simple title thereto; the limitation over to take effect only as to such part, if any, as the widow may not have thus acquired.

APPEAL by defendants from *Horton, J.,* at November Term, 1924, of WAKE.

Controversy submitted upon an agreed case. Material facts:

On the 12th day of July, 1921, J. L. O'Quinn, late of Wake County, State of North Carolina, died leaving surviving him his widow, Emma A. O'Quinn, the plaintiff in this controversy. No child was born of the marriage between the said Emma A. O'Quinn and the said J. L. O'Quinn, but the said Emma A. O'Quinn has one child born of a prior marriage, this child being a daughter whose name was Willie Myatt (the first husband of the said Emma A. O'Quinn having been named Myatt). After the marriage between the said Emma A. O'Quinn and the said J. L. O'Quinn and after the said Willie Myatt, daughter of the said Emma A. O'Quinn, the plaintiff herein, had reached the age of twenty-one, the said Willie Myatt made application under the provisions of chapter 57, North Carolina Consolidated Statutes for the change of her name to Willie O'Quinn, her application being made to the clerk of the Superior Court and reciting that she had resided with the said J. L. O'Quinn since the marriage of her mother, and that her esteem for the said J. L. O'Quinn was that of a daughter, and that she desired to adopt his name; upon which application an order was signed changing the name of Willie Myatt to Willie O'Quinn. (See Special Proceedings, Book Q, page 59.) Subsequently, the said Willie O'Quinn intermarried with E. L. Coble, and both are now living, and of said marriage there has been born one child, Edward Lee Coble, Jr., who is also now living. The will of said J. L. O'Quinn referred to in paragraph 2 refers to the said Willie O'Quinn Coble as 'my daughter, Willie O'Quinn Coble.' There appears to have been no formal adoption of said Willie O'Quinn Coble by the said J. L. O'Quinn other than his designation of her in the will as 'my daughter.' The said J. L. O'Quinn

also was survived by three brothers and three sisters of the whole blood and three brothers and two sisters of the half blood and by his father. The said J. L. O'Quinn left a last will and testament, which has been duly admitted to probate, and is recorded in Book of Wills, I, at page 191, in the office of the clerk of the Superior Court of Wake County; that no caveat has been filed to the said will, and no contest or litigation with respect to the same has been initiated or is pending.

The question involved in the controversy is whether or not the plaintiff Emma A. O'Quinn, upon the facts agreed and stated in the record, has a fee-simple title to the real estate therein referred to and described. The answer to the question raised depends upon the construction of the will of J. L. O'Quinn, which is set forth fully in the record, with particular reference to paragraph 2 of item 4 of the. will reading as follows: "Upon the written demand of my said wife, my trustee shall turn over to my wife any part or all of my said estate for her own use and benefit without let or hindrance, and the receipt of my said wife, duly signed by her personally, shall be a full and complete discharge to my said trustee of and for any and all liability or responsibility to the extent of the property so turned over to my said wife." And item 3 reading as follows: "Should any part of my estate remain in the hands of my trustee at the death of my said wife, then my trustee shall pay over the income therefrom to Mrs. Willie O'Quinn Coble, for and during the term of her natural life."

The trustee under the will was the Raleigh Savings Bank and Trust Co. Plaintiff, under sec. 2 of item 4, in accordance with the will, made written demand on the trustee for all of the estate. It duly complied with the written demand and released all the estate to plaintiff, her heirs and assigns. The release deed under the power was regularly executed on 29 June, 1922 and recorded. On or about 1 October, 1924, plaintiff entered into a written agreement with defendants to convey to them in fee simple a part of the land. Plaintiff tendered a deed in proper form, in accordance with the contract, but the defendants refused to comply with their contract on the ground that plaintiff could not convey to them a fee-simple title. The court below was of the opinion that plaintiff could convey to defendants a fee-simple title and rendered judgment accordingly. Defendants excepted, assigned error and appealed to.the Supreme Court.

*J. M. Broughton for plaintiff.*
*A. J. Templeton for defendants.*

CLARKSON, J. The only question presented for our consideration is the meaning of the language in the section of the will before mentioned, "turn over to my wife any part or all of my estate for her own use and benefit without let or hindrance."

C. S., 4162 is as follows: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

If the testator had intended a life estate he could have said so, but, on the contrary, he provided, if his wife made the written demand on the trustee, all of the estate should be turned over to her for her own use and benefit without let or hindrance. The words are not the ordinary technical, legal words, as frequently found in wills, but the language, we think, broad and comprehensive enough to show a clear intent that his wife was the primary and principal object of testator's bounty. He had no child, but his wife had a daughter that he treated as his own. Not only the statute, but the decisions of this Court, construe a devise to be in fee unless it appears otherwise by clear and express words. *Fellowes v. Durfey,* 163 N. C., 305; *Smith v. Creech,* 186 N. C., 187; *Weaver v. Kirby,* 186 N. C., 387.

Following section 2 of item 4 of the will, section 3 is as follows: "Should any part of my estate remain in the hands of my trustee at the death of my said wife, then my trustees shall pay over the income therefrom to Mrs. Willie O'Quinn Coble, for and during the term of her natural life."

This section by clear inference explains section 2, and indicates conclusively that all the estate could be demanded and disposed of under section 2, and if all should not be and some remained, how it should devolve.

These two sections are the only ones we consider materially pertinent to gather the intention of the testator—the polar star in the construction of the will. We are of the opinion that plaintiff has a fee-simple title to the land under the will and can make her contract good. We are of the opinion that the judgment of the court below was in all respects correct, and it is hereby

Affirmed.