## DRAPER BROWN v. W. U. LEWIS.

### (Filed 13 November, 1929.)

**1. Wills E b—Devise in this case held to be in fee simple.**

Where two items of a will are apparently in conflict, one a devise to the testator's wife of the residue and remainder of the estate "all her heirs, executors, administrators and assigns," and the preceding item, "I want whatever part of my estate is left at the death of my wife, and after the younger children have been educated, equally divided among my living children at that time": *Held*, the wife takes an absolute fee-simple title to the lands thus devised, she being regarded as the primary object of the testator's bounty, and a devise being construed to be in fee simple unless a contrary intention is shown by the will or some part thereof. C. S., 4162.

**2. Same—"All" may be construed "and"—Precatory Words.**

Under a devise of the remainder of the testator's estate to his wife and "all" her heirs: *Held*, the word "all" may be construed "and," giving the estate to her "and her heirs," or a devise in fee simple; and construed in connection with another item of the will, "I want whatever part of my estate that is left at the death of my wife to be divided among my living children," the word "want," so used, is a precatory word not affecting the quality of the estate devised to the wife, and does not create a trust.

APPEAL by defendant from *Stack, J.,* at June Civil Term, 1929, of DURHAM. Affirmed.

The following judgment was rendered in the court below:

"This cause coming on to be heard before the undersigned on an Agreed Statement of Facts, both the plaintiff and the defendant being represented by counsel, and it appearing from the Agreed Statement of Facts that on or about 11 April, 1929, the plaintiff contracted and agreed to execute a warranty deed to the defendant, and the defendant agreed to pay three hundred dollars for lot No. 54, as shown on map recorded in Book 20, at page 431; that defendant paid five dollars at the time of the signing of the said contract; that on or about 17 April, 1929, the plaintiff tendered to the defendant a warranty deed for the said property and demanded payment of the balance of two hundred ninety-five dollars. It further appeared that the plaintiff purchased the lot from Sarah A. W. Fitzgerald, who claims title to it under Item No. 10 of R. B. Fitzgerald's will, which will is duly probated and recorded in Will Book 3, at page 74. Item No. 10 reads as follows:

'Item 10: I give, devise and bequest unto my beloved wife, Sarah A. W. Fitzgerald, all her heirs, executors, administrators and assigns, all of the remainder and residue of my estate, real and personal and mixed, wheresoever and in whatsoever condition it may be found.'

From the foregoing facts and from the language of Item 10 of the will of R. B. Fitzgerald, the undersigned finds as a matter of law that Sarah A. W. Fitzgerald takes a, fee simple title to the property passing under Item No. 10 of the said will, and that the deed tendered to the defendant by the plaintiff conveyed a fee simple title.

It is therefore ordered and adjudged that the plaintiff recover of the defendant the sum of two hundred ninety-five dollars with interest on two hundred ninety-five dollars from 17 April, 1929, and the cost of this action to be taxed by the clerk."

*E. C. Harris for plaintiff.*
*L. J. Phipps for defendant.*

CLARKSON, J. Item No. 9 and the material part of Item No. '10 of the will of R. B. Fitzgerald is as follows:

"Item 9: I also want whatever part of my estate that is left at the death of my wife, and after the younger children have been educated, equally divided among my living children at that time.

Item 10: I give, devise and bequest unto my beloved wife, Sarah A. W. Fitzgerald, all her heirs, executors, administrators and assigns, all of the remainder and residue of my estate, real and personal and mixed, wheresoever and in.whatever condition it may be found."

Sarah A. W. Fitzgerald conveyed to the plaintiff, Draper Brown, a piece of land in fee simple, known as lot No. 54, as shown on a certain map duly recorded. No question is made as to the description of the lot. The plaintiff, Draper Brown, in turn made a contract to convey the same lot by warranty deed to the defendant, W. U. Lewis, in fee simple for $300. The defendant, W. U. Lewis, refused to accept the warranty deed tendered by plaintiff in fee simple, on the ground that under the will of R. B. Fitzgerald his wife Sarah A. W. Fitzgerald had only a life estate and could not convey to Draper Brown a fee simple title, and he in turn could not convey a fee simple title to the defendant." We cannot so hold.

Sarah A. W. Fitzgerald was the wife of R. B. Fitzgerald, and naturally, and as shown by the language of the will, the principal object of his bounty. He had given to his children and other near kin certain property, and when he came to dispose of the residue of his property, in Item 10, says: "I give, devise and bequest unto my beloved wife, Sarah A. W. Fitzgerald *all* her heirs and executors, administrators and assigns." It can be readily seen that he intended to give her a fee simple title, and if he had used the word *and* instead of *all,* the usual language at common law before the statute, in denoting a fee simple, there would have been no question. He then continues "all of the remainder and

23—197

residue of my estate, real and personal, and mixed, wheresoever and in whatsoever condition it may be found." We think his intention was clear to devise a fee simple to his wife. The word *all* was a *casus,* and we think was intended to denote *and.* If he did not intend to devise a fee simple, why use the words "her heirs and executors, administrators and assigns." *Gordon v. Ehringhaus,* 190 N. C., at p. 150. Assigns means: "Those to whom property shall have been transferred. Now seldom used except in the phrase, in deeds, 'heirs, administrators and assigns.'" Black's Law Dic., p. 97.

"The use of the word 'assigns' makes it clear that the gift was absolute and not alternative. *(Kendall v. Clapp,* 163 Mass., 69) . . . In the *Keniston case (Keniston v. Adams,* 80 Me., 290), *Chief Justice Peters,* writing for the unanimous Court, said: 'The language here is to assigns as well as to heirs, and the power of assigning implies an absolute title.'" *In re Tamargo,* 220 N. Y., Reports, at p. 229.

C. S., 4162, is as follows: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

"The rule is well settled that in a will no words are necessary to enlarge an estate devised or bequeathed into an absolute fee. On the contrary, restraining expressions must be used to confine the gift to the life of devisee or legatee. *Holt v. Holt,* 114 N. C., 241; *Jones v. Richmond,* 161 N. C., 553. In *Griffin v. Commander,* 163 N. C., 230, where the testator devised to his wife 'all the remainder of my estate, real and personal, with power to give and devise the same after her death to her beloved children and grandchildren,' it was held that she took in fee simple," *Springs v. Springs,* 182 N. C., at p. 488; *O'Quinn v. Crane,* 189 N. C., 97.

These words in Item 9, "I also want," etc., may be construed as merely expressing the wish of the testator without any intention on his part to affect the title to or estate in the land devised in fee simple in Item 10 to his wife, the primary object of his bounty. *Carter v. Strickland,* 165 N. C., 69; *Springs v. Springs, supra; Weaver v. Kirby,* 186 N. C., 387; *Hass v. Hass,* 195 N. C., 734.

The principle is thus stated, citing numerous authorities, in *Carter v. Strickland,* 165 N. C., at 71-2: "And it is now the prevailing doctrine, certainly so in this jurisdiction, that such words will be given their ordinary significance, and will not have the effect, as stated, unless from the terms and dispositions of the will and the circumstances relevant to its proper construction it clearly appears that they are to be considered as imperative and that the testator intended to create a trust."

In *Hardy v. Hardy,* 174 N. C., at p. 506-7, speaking to the subject: "Under the early English and American authorities, language in a will expressive of the wish or desire of the testator as to the disposition of his property was generally held to raise a trust, or to limit the estate devised, unless a contrary intent was manifest from a consideration of the whole will; but the tendency of modern authority is to reverse this rule, and to hold that precatory words 'are not to be regarded as imperative unless it is plain from the context that the testator so intended them.'"

Precatory words: Words of entreaty, request, desire, wish or recommendation, employed in wills, as distinguished from direct and imperative terms. 49 A. L. R., 18n, 76n.

In *Laws v. Christmas,* 178 N. C., 359, the words "I want," etc., were held, in construing the intent of the testator, to create a precatory trust, but this construction was in reference to the peculiar facts of that case. In the present action the conveyance of the property in Item 10 to testator's wife was absolute and in fee simple with no "strings" on the conveyance. This absolute fee simple title made by testator of the residue of his property to his beloved wife, so named, the primary object of his bounty, cannot be fettered by the language in Item 9 of the will. In fact, the last event referred to in Item 9 is uncertain as to any estate left at the death of Sarah A. W. Fitzgerald. This item also clearly implies a right given Sarah A. W. Fitzgerald to alienate the property. It implies that it may be necessary to do this so that the younger children have an education. *Maclin v. Smith,* 37 N. C., 376; *Wells v. Williams,* 187 N. C., 134; *Roane v. Robinson,* 189 N. C., at p. 631. See *Cagle v. Hampton,* 196 N. C., 470.

In our opinion the plaintiff acquired a title in fee simple to the lot in question under Item 10 of the will and is entitled to the specific performance of his contract with defendant. For the reasons given, the judgment is

Affirmed.