JOHN C. STRICKLAND, Administrator of the Estate of FANNY EDWARDS, Deceased, v. EMMA EDWARDS JOHNSON, FRED G. EDWARDS, LUNER NELSON, MATTIE WILLIAMS, FREMONT EDWARDS, MARY BARKER, WILLIE EDWARDS, LILLIAN G. EDWARDS, MARGUERITE EDWARDS MELVIN, M. L. EDWARDS, JR., a Minor, SARAH LEE EDWARDS, a Minor, GLENN W. EDWARDS, a Minor, FLORENCE HUFFINES, S. L. COCKMAN, THELMA RICHARDSON and ERNEST COCKMAN, and S. F. HUFFINES, Administrator c. t. a. of the Estate of G. P. EDWARDS, Deceased.

(Filed 25 May, 1938.)

1. Wills § 33a—

An unrestricted devise of real estate passes the fee, but a general devise of realty does not pass the fee when it clearly appears from the language of the will that the testator intended to convey an estate of less dignity. C. S., 4162.

2. Same—Will in this case held to devise life estate to widow with remainder over to testator's children by his first wife.

It appeared that testator was twice married, and left his second wife, children by his first wife and one child by his second wife him surviving. The will by general devise left his realty to his second wife, "in lieu of her dower," then his personalty to his daughter by his second wife, and

then provided that upon the death of his second wife "that all of her property be sold and the proceeds to be divided between" the children by his first wife, naming them. *Held:* Taking the setting of the parties and construing the will as a whole, it plainly appears that testator did not intend to devise the fee in the realty to his second wife, and she is entitled only to a life estate in the realty with remainder over to his children by his first wife. C. S., 4162.

BARNHILL, J., dissenting.

SCHENCK, J., concurs in dissent.

APPEAL by plaintiff from *Harding, J.,* at 30 August, 1937, Term, of GUILFORD. Affirmed.

This is a civil action brought by plaintiff under the North Carolina Uniform Declaratory Judgment Act for a construction of the will of G. P. Edwards, deceased.

G. P. Edwards died leaving a last will and testament, probated and recorded in the office of the clerk of the Superior Court of Guilford County, in Will Book J, page 292, as follows: "It is my will that my funeral shall be conducted without ostentation, and the expenses thereof together with all my just debts be fully paid. I give, devise and bequeath to my beloved wife, Fanny Edwards, in lieu of her dower my two lots on corner of North Elm Street and Carolina Ave., Nos. .............. I give and devise to my daughter, Emma Edwards, all my personal property. It is my will that at Fanny Edwards' death that all of her property be sold and the proceeds to be divided between Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Florence Huffines and Laney Cockman, heirs. Emma Edwards with all personal property. Fred G. Edwards to share in the proceeds one five dollars. G. P. Edwards. (Witnesses) J. E. Smith, J. L. Jones, H. B. Ritter." Proved and probated: 23 August, 1924.

The above will was properly before the court for a construction thereof, and no question of service of process is raised by this appeal; and all interested persons were made parties to the action.

No other evidence was offered by the plaintiff or the defendant, there being nothing but a question of law to decide. After conclusion of argument of counsel for both parties, plaintiff tendered judgment in his favor as set out in the record. The court declined to render judgment for the plaintiff. Judgment was rendered for the named defendants, as set out in the record, as follows:

"This cause coming on to be heard and being heard before the undersigned judge, presiding over Guilford Superior Court, 10 September, 1937, for a construction of the will of G. P. Edwards, deceased, and a declaration of rights thereunder; and, after argument of counsel for plaintiff and defendants, the court being of the opinion that the testator,

G. P. Edwards, devised a life estate to Fanny Edwards in the two lots on the corner of North Elm Street and Carolina Avenue; and that the remainder in said lots was vested in the following persons: Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Lawrence Huffines and the heirs of Laney Cockman upon the death of the said Fanny Edwards.

"Now, therefore, it is ordered, adjudged and decreed that Fanny Edwards was devised a life estate in the two lots on the corner of North Elm Street and Carolina Avenue by the terms of the will of G. P. Edwards, deceased, as the same is recorded and probated in the office of the clerk of the Superior Court of Guilford County in Will Book J, page 293; and that the remainder in the said lots was vested in Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Florence Huffines and the heirs of Laney Cockman upon the death of Fanny Edwards. .

"It is further ordered, adjudged and decreed that the rents heretofore collected and now held by S. F. Huffines, administrator *c. t. a.* of the estate of G. P. Edwards since the death of Fanny Edwards be paid in *per stirpes* shares to the heirs of G. P. Edwards as set forth in the preceding paragraph of this order or their heirs or personal representatives.

"It is further ordered, adjudged and decreed that the cost of this action be taxed against the plaintiff and that the defendants and each of them go without day.

This 21 September, 1937.                          WM. F. HARDING,
                                                  *Judge Presiding."*

The plaintiff excepted, assigned error and appealed to the Supreme Court on the ground: "(1) To the action of the court in failing to render judgment for the plaintiff as tendered; (2) to the action of the court in rendering judgment for the defendant, as appears of record."

*H. R. Stanley for plaintiff.*
*A. Stacey Gifford, Barney W. Walker, and Chas. T. Hagan, Jr., for defendants.*

CLARKSON, J. This case presents but one question: Did the testator, G. P. Edwards, by his will, intend to convey a fee simple estate in his land to his second wife, Fanny Edwards, or did he intend to convey only a life estate?

The setting: (Admitted on argument and brief.)   G. P. Edwards by his first wife had certain children, named in the latter part of his will. By his second wife, Fanny Edwards, he had a daughter, Emma Edwards. There is no question about his personal property—he left it all to his daughter, Emma Edwards.

N. C. Code, 1935 (Michie), section 4162, is as follows: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

The uniform holdings since the passage of this section has been that an unrestricted devise of real estate passes in fee.

In *McIver v. McKinney,* 184 N. C., 393 (396), citing numerous authorities, it is said: "Nevertheless, it is generally conceded that in the construction of a will the cardinal purpose is to ascertain and give effect to the intention of the testator—not the intention that may have existed in his mind, if at variance with the obvious meaning of the words used, but that which is expressed by the language he has employed. The question is not what the testator intended to express but what he actually expressed in his will, when all its provisions are considered and construed in their entirety."

In *Mangum v. Trust Co.,* 195 N. C., 469 (471), it is said: "The primary purpose of construing a will is to ascertain and give effect to the intention of the maker. The intention of the maker must be ascertained from the whole instrument."

We think the language of the present will comes within the exception of section 4162, *supra,* which reads as follows: "Unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity."

Taking the setting of the parties and construing the will as a whole, we think the widow was devised a life estate in the two lots and that the remainder was vested in Luner Nelson, Mattie Williams, Fremont Edwards, Mary Barker, Luther Edwards, Florence Huffines and the heirs of Laney Cockman upon the death of Fanny Edwards.

The principle set forth in the case of *Hampton v. West,* 212 N. C., 315, is similar to that in the present action.

For the reasons given, the judgment of the court below is

Affirmed.

BARNHILL, J., dissenting: It does not appear either from the will or the record that G. P. Edwards was married twice or that he had children by his first wife, now deceased, or that Fanny Edwards is his second wife. This is asserted in appellees' brief. The only evidence offered was the will and we are called upon to interpret that instrument to determine whether Fanny Edwards, by its terms, was devised a fee simple estate in the two lots mentioned in the will.

STRICKLAND v. JOHNSON.

The devise of the real estate to Fanny Edwards is general in terms and our statute, C. S., 4162, converts the gift into a fee estate. In my opinion, the devise does not in plain and express words show an intent to limit this estate and there is no language in the will plainly indicating that the testator intended to convey an estate of less dignity. The original devise, standing alone, being sufficient to convey a fee estate under our statute and decisions, a subsequent clause in the will, expressing a direction for its disposition after the death of the devisee, will not defeat the devise, nor limit it to a life estate. This has been the consistent holding of this Court. *Griffin v. Commander,* 163 N. C., 230, 79 S. E., 499; *Daniel v. Bass,* 193 N. C., 294, 136 S. E., 733; *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *McDaniel v. McDaniel,* 58 N. C., 353; *Barco v. Owens,* 212 N. C., 30.

The absolute devise is permitted to stand, while the subsequent clause is generally regarded as precatory only. *Brown v. Lewis,* 197 N. C., 704, 150 S. E., 328; *Weaver v. Kirby,* 186 N. C., 387, 119 S. E., 564; *Brooks v. Griffin,* 177 N. C., 7, 97 S. E., 730; *Bills v. Bills,* 80 Ia., 269; 20 A. S. R., 418; 11 R. C. L., 476; 28 R. C. L., 243; *Barco v. Owens, supra.*

"The rule is well settled that in a will no words are necessary to enlarge an estate devised or bequeathed into an absolute fee. On the contrary, restraining expressions must be used to confine the gift to the life of devisee or legatee." Thus the rule has been stated frequently by this Court since *Holt v. Holt,* 114 N. C., 241.

The only language in the will which could be considered as attempting to limit the fee devised to Fanny Edwards is the provision: "It is my will that at Fanny Edwards' death that all her property be sold and the proceeds to be divided," etc. This provision in itself recognizes that the property is hers. The testator seeks to dispose of her property—not his. To me, this is not plain and express words clearly showing an intent to convey an estate to Fanny Edwards less than a fee. The doctrine of election is not invoked and it does not appear whether under this provision the testator attempts to direct the sale of property owned by Fanny Edwards other than that which she received under the will. It is simply an attempt to direct the disposition of the fee devised to Fanny Edwards after her death.

The words "in lieu of dower" contained in the devise to Fanny Edwards cannot possibly be construed as tending to limit the fee. The majority opinion does not attempt to so interpret it. Every devise from a husband to his wife is in lieu of dower whether so expressed or not. Upon the death of the testator the widow must elect whether she shall take under the will or under the statute. If she accepts the devise in the will she thereby relinquishes her dower. If she dissents and accepts

ALLEN *v.* INSURANCE CO.

her dower interest the devise immediately becomes inoperative. That the testator stated in the will what the law necessarily writes into it cannot be held to be "plain and express words, clearly showing an intent to convey an estate less than a fee," which the statute requires in order to limit a gift in general terms, which would otherwise convey a fee.

We are not interested in any unexpressed intention of the testator, or his supposed purpose to make provision for any particular set of his children. We are only called upon to interpret the language actually used by him in conformity with our statute and pertinent decisions. In my opinion there is no language in the will which can be interpreted as clearly intending a purpose on the part of the testator to limit the estate conveyed to Fanny Edwards. If we are to follow the statute and the former decisions of this Court which constitute rules of property, the judgment below should be reversed.

SCHENCK, J., concurs in dissent.