WILLIAM L. HUMPHREY, SARAH H. ALBRITTON, MARY HUMPH-REY FISHER, VIRGINIA H. GRIFFIN, NELL H. GRIFFIN AND C. E. HUMPHREY, JR. v. MRS. WILLIE B. FAISON, EXECUTRIX OF THE ESTATE OF INDIA B. HUMPHREY, DECEASED, AND MRS. WILLIE B. FAISON, INDIVIDUALLY.

(Filed 20 November, 1957)

1. **Judgments § 19—**

Where the judge holding a term of court in another district by consent hears an action in which no issues of fact are raised, all parties being present in person or by counsel, contention that judgment therein was void because rendered out of the district is untenable.

2. **Judgments § 32: Wills § 39—**

A final judgment rendered in an action to construe a will, from which no appeal is perfected, is binding on the parties thereto with respect to the construction of the will and the rights of the parties thereunder.

3. **Judgments §§ 27e, 32—**

The efficacy of a judgment as *res judicata* is not affected by an asserted agreement of the parties not to prosecute the action when there is nothing to suggest that the action was not prosecuted and defended in good faith or that any pertinent fact was withheld from the court at the hearing.

4. **Wills § 33a—**

The will in question devised and bequeathed all testator's property to named beneficiaries and in subsequent items stated that it was the "desire" of testator that the estate be held intact as nearly as practicable for the benefit of testator's nieces and nephews upon the marriage or death of the beneficiaries named. *Held:* The named beneficiaries take the fee simple unaffected by the precatory provisions.

5. Trusts § 2—

An agreement by the beneficiaries named in the will that they would devise and bequeath the remainder of the property to the nieces and nephews of testator if the nieces and nephews agreed not to prosecute or appeal from judgment in an action to construe the will in which the nieces and nephews claimed the remainder in testator's property, *held* insufficient predicate for a parol trust when the nieces and nephews were without title or interest in the property under the terms of the will.

6. Same—

Any parol agreement to engraft a trust on property falls within the statute of frauds when title to the property has passed at the time of the asserted agreement, and therefore where, in an action to construe a will, judgment is entered that testator's nieces and nephews took no interest under the will, an agreement thereafter made by the nieces and nephews not to prosecute an appeal from the judgment if the beneficiaries named in the will would devise and bequeath the remainder in the property to them, is insufficient predicate for a parol trust in favor of the nieces and nephews.

7. Frauds, Statute of, § 9: Wills § 4—

A contract to devise and bequeath property comes within the statute of frauds, G.S. 22-2, and is unenforceable, even in regard to the personalty when the contract is indivisible.

8. Frauds, Statute of, § 3—

The denial by the beneficiaries named in the will of their asserted agreement to devise and bequeath the remainder in the property to testator's nieces and nephews invokes the statute of frauds as effectively as if the statute had been expressly pleaded.

APPEAL by plaintiffs from *Moore, Clifton L., J.,* January-February Term 1957 of WAYNE.

This is a civil action for specific performance of an alleged oral contract to devise real and personal property.

Hugh Miller Humphrey died testate while a resident of Wayne County, North Carolina, on 21 January, 1933; on 25 January, 1933 his last will and testament, including a codicil thereto, was filed in the office of the Clerk of the Superior Court of Wayne County. Mary H. Humphrey, his sister, duly qualified as executrix of said will.

The pertinent part of the last will and testament of Hugh Miller Humphrey dated 25 January 1909, provides: "I give, bequeath and devise unto my wife, India B. Humphrey, all my real estate, for the term of her natural life, and widowhood, and upon her death or remarriage, I then give, bequeath and devise said real estate unto such of my children, born of the said India, as shall then be living, and to the issue of such as shall then be dead, leaving issue, such issue to represent the parent, and to take such share as the parent would take if living; but if there

should then be no issue, I then give, bequeath and devise said real estate unto my mother, for the terms of her natural life; and upon her death, I give, bequeath and devise said real estate to my sister, Mary H. Humphrey, and her heirs, in fee simple forever." The testator bequeathed all his personal property to his wife, Mrs. India B. Humphrey, and his sister, Mary H. Humphrey.

The codicil to his will was executed on 15 July 1927, and in pertinent part is as follows: "FIRST: I give, devise, and bequeath to my wife India B. Humphrey and my sister, Mary H. Humphrey, share and share alike, all of my property, both real and personal.

"SECOND: I nominate and appoint my sister, Mary H. Humphrey, my Executrix to serve without Bond.

"THIRD: It is my desire that the estates herein bequeathed and devised shall be held intact as nearly as practicable, and at the death of the devisees, the same shall be divided equally among my nieces and nephews and the issue or issues of such as may not then be living.

"FOURTH: It is further my desire that should the said Mary H. Humphrey marry, or the said India B. Humphrey remarry, they shall make a marriage contract to hold the said estate intact as nearly as practicable to the end that it may inure to the benefit of my nieces and nephews, and the issue of such as may not then be living, as hereinbefore set out."

Hugh Miller Humphrey died without leaving children or issue of a child him surviving; and was not survived by his mother. He was survived by his widow, India B. Humphrey, and his sister, Mary H. Humphrey.

On 23 November 1934, Mary H. Humphrey, the sister and duly qualified executrix of said testator, and India B. Humphrey, the widow of the testator, instituted an action in the Superior Court of Wayne County against the nieces and nephews of the testator and all other persons, in being and not in being, who had or claimed to have an interest in the subject matter of the action. The complaint alleged "that a controversy exists between the plaintiffs and the defendants concerning their respective rights and status under the will and codicil; that the plaintiffs, Mary H. Humphrey and India B. Humphrey, claim a fee simple estate in all the real and personal property as tenants in common; that the defendants claim that they are entitled to the remainder in fee, subject to the life estate of said plaintiffs." The plaintiffs prayed the court for a construction of the will and codicil of Hugh Miller Humphrey and for a declaration of the rights and status of the several plaintiffs and defendants in respect to said estate.

5—247

The defendants in that action, who are the plaintiffs in the present action, filed an answer. On 23 March 1935, by consent of all the parties, the matter was heard by Judge Grady, without a jury, at Clinton, North Carolina, and judgment was duly rendered by his Honor, adjudging "that the plaintiffs Mary H. Humphrey and India B. Humphrey take an absolute and fee simple title as tenants in common under the will and codicil of Hugh Miller Humphrey, deceased, in and to all the property, real, personal and mixed, of which the said testator died seized and possessed. It is further considered, ordered and adjudged that the defendants, neither jointly nor severally, have any right, title or interest in said property, real, personal, or mixed." It was further adjudged that the property be distributed equally between Mary H. Humphrey and India B. Humphrey.

On 30 March 1935, W. A. Dees, attorney for the defendants, gave notice of appeal to the Supreme Court. Thereafter, on 19 April 1935, said attorney withdrew the appeal in accordance with written instructions from all the defendants, the plaintiffs herein.

The plaintiffs alleged in their complaint in this action that, subsequent to the entry of the decree by Judge Grady on 23 March 1935, and the giving of notice of appeal to the Supreme Court of North Carolina, the said India B. Humphrey and Mary H. Humphrey agreed "that if the plaintiffs would not contest or fight the proceeding instituted on November 23, 1934, by Mary H. Humphrey, executrix of the estate of Hugh Miller Humphrey, deceased, and individually, and India B. Humphrey, individually, for the purpose of having the will and codicil of Hugh Miller Humphrey, deceased, construed, and would not appeal to the Supreme Court from such judgment as was entered in the said action, each of the said parties, to wit: Mary H. Humphrey and India B. Humphrey, would make a will devising to the said plaintiffs the respective one-half interest in the said properties distributed to each of them from the said estate, and which might be adjudged to be vested in them under the terms and provisions of such decrees as might be entered in said proceeding."

It is further alleged that plaintiffs, acting and relying upon the statements and representations made to them by the said Mary H. Humphrey and India B. Humphrey that they would execute valid wills vesting these plaintiffs with the absolute title to the properties distributed to them respectively, pursuant to the terms and provisions of said decree of the court, they did not appeal to the Supreme Court from said judgment.

In the hearing below, the deposition of the Honorable W. A. Dees, attorney for these plaintiffs in the original proceeding, was introduced. In his deposition Mr. Dees, among other things,

testified that his clients, these plaintiffs, never informed him at any time that an agreement had been entered into between the plaintiffs in the original proceeding and the nieces and nephews of Hugh Miller Humphrey, whom he represented, that if the appeal in that case were withdrawn that India B. Humphrey would make a will devising to his clients, the nieces and nephews, all the property which she had derived from the estate of Hugh Miller Humphrey, real, personal, and mixed.

India B. Humphrey died on 27 November 1953, leaving a last will and testament dated 12 July 1933, in pertinent part reading as follows: "That, I, India Bumgardner Humphrey, age 53, widow of late Hugh M. Humphrey, Goldsboro, North Carolina, being of sound mind and good health, do hereby will, grant and devise and give to my only sister, Mrs. Willie Bumgardner Faison, widow of the late Edward Livingston Faison, Jr.—all of my property, real and personal, to be used and disposed of (by) her as she may desire." This will was admitted to probate on 8 December 1953 in the office of the Clerk of the Superior Court of Wayne County, and Mrs. Willie B. Faison duly qualified as the executrix of the estate of the said India B. Humphrey, in which capacity she is now serving.

Evidence was offered by both the plaintiffs and the defendant, and at the close of all the evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiffs appeal, assigning error.

*Thomson & Thomson, Jones, Reed & Griffin for plaintiffs appellant.*
*Edmundson & Edmundson, Butler & Butler for defendant appellee.*

DENNY, J. This appeal may be disposed of on its merits, by a consideration of the assignment of error based on plaintiffs' exception to the allowance of the defendant's motion for judgment as of nonsuit and certain other contentions of the plaintiffs, without a *seriatim* discussion of the numerous exceptions and assignments of error set out in the record.

The plaintiffs contend that the proceeding instituted on 23 November 1934 in the Superior Court of Wayne County, in what was then the Fourth Judicial District, for the purpose of having the court construe the last will and testament of Hugh Miller Humphrey, including the codicil to said will, was never removed, for any purpose, to Sampson County, which was then a part of the Sixth Judicial District. That since the matter was heard and Judgment entered in Sampson County, the judgment is null and void.

It appears from the record that no issues of fact were raised on the pleadings in that proceeding; that the parties waived a trial by jury and that the cause was heard by consent of all parties who had or claimed to have any interest in the estate of Hugh Miller Humphrey. Furthermore, all parties were present in person or represented by counsel at the hearing. Therefore, the contention of the plaintiffs in this respect is without merit. *Patterson v. Patterson,* 230 N.C. 481, 53 S.E. 2d 658; *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576; *Killian v. Chair Co.,* 202 N.C. 23, 161 S.E. 546; *Henry v. Hilliard,* 120 N.C. 479, 27 S.E. 130.

The plaintiffs further contend in their brief that upon the death of Hugh Miller Humphrey, Mary H. Humphrey, his sister and executrix, and his widow, Mrs. India B. Humphrey, entered into an oral agreement with the nieces and nephews of Hugh Miller Humphrey (the plaintiffs herein), to hold in trust for them all the properties of which Hugh Miller Humphrey died seized and possessed, and to execute valid wills devising to the plaintiffs all properties that might be distributed to each of them from the said estate, provided, these plaintiffs would not contest the proceeding instituted against them in the Superior Court of Wayne County, North Carolina, on 23 November 1934, which proceeding was instituted for the purpose of having the last will and testament of Hugh Miller Humphrey, and the codicil thereto, construed by the court. And provided further, that these plaintiffs would not appeal from any judgment entered in that proceeding. The plaintiffs also contend that this oral agreement was entered into before his Honor, Judge Grady, entered the judgment on 23 March 1935 in said proceeding; that such title as passed under the terms of the judgment was subsequent to the oral agreement between the executrix, the widow, and the nieces and nephews.

The record does not support this contention with respect to the time the oral agreement was entered into. The plaintiffs, in their original and amended verified pleadings, expressly allege that the oral agreement upon which they rely to create a trust, and as a contract upon the part of Mrs. India B. Humphrey, the widow, to execute a will which at her death would vest in these plaintiffs title to the properties distributed to her from the estate of Hugh Miller Humphrey, was entered into "subsequent to the entering of said decree and the giving of the notice of appeal therefrom to the Supreme Court of North Carolina."

Since the defendants in the original proceeding (the plaintiffs herein) did not appeal from the judgment entered by Judge Grady in that proceeding, they are bound thereby with respect

to the construction of the will and codicil and the rights of the parties pursuant thereto.

In *Armfield v. Moore,* 44 N.C. 157, in defining estoppel by judgment, Pearson, J., said: "The meaning of which is, that when a fact has been agreed on, or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed." *Pinnell v. Burroughs,* 172 N.C. 182, 90 S.E. 218; *Hardison v. Everett,* 192 N.C. 371, 135 S.E. 288; *Distributing Co. v. Carraway,* 196 N.C. 58, 144 S.E. 535; *Harshaw v. Harshaw,* 220 N.C. 145, 16 S.E. 2d 666, 136 A.L.R. 1411; *King v. Neese,* 233 N.C. 132, 63 S.E. 2d 123; *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909.

It affirmatively appears that if any agreement was entered into by the plaintiffs not to contest the proceeding instituted for the purpose of having the court declare the rights of the parties under the will and codicil executed by Hugh Miller Humphrey, it was breached. The evidence of the Honorable W. A. Dees, a reputable attorney of the City of Goldsboro, North Carolina, is to the effect that he was employed by these plaintiffs to represent them in the proceeding and to contest it on their behalf. That he filed an answer on their behalf and contested the proceeding to the best of his ability. That his clients, these plaintiffs, never informed him that any such agreement had been made. He likewise testified that he was never requested to abandon the contest or not to present their contentions to the court, as set forth in the complaint and answer. That his duties with respect to the litigation were not terminated until he received written instructions, signed by all the defendants (the plaintiffs herein), to withdraw the appeal to the Supreme Court.

There is nothing disclosed by the record on this appeal that would justify any conclusion or inference that the original proceeding under consideration was not prosecuted and defended in good faith, or that any pertinent fact was withheld from the court in the hearing in that proceeding.

In our opinion, the plaintiffs' evidence is insufficient to establish a parol trust as alleged by them. In the first place, the last will and testament of Hugh Miller Humphrey, including the codicil thereto, never vested any interest in these plaintiffs. The terms of the codicil to the will, according to our decisions, and Judge Grady's judgment, vested in Mrs. India B. Humphrey, the widow of Hugh Miller Humphrey, deceased, and his sister, Mary H. Humphrey, share and share alike, the absolute fee simple title to all the properties, both real and personal. G.S. 31-38. The third and fourth items in the codicil, under our decisions, would seem to be mere precatory provisions. *Barco v. Owens,* 212 N.C.

30, 192 S.E. 862; *Dixon v. Hooker,* 199 N.C. 673, 155 S.E. 567; *Brown v. Lewis,* 197 N.C. 704, 150 S.E. 328; *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626, *Weaver v. Kirby,* 186 N.C. 387, 119 S.E. 564; *Springs v. Springs,* 182 N.C. 484, 109 S.E. 839; *Brooks v. Griffin,* 177 N.C. 7, 97 S.E. 730; *Hardy v. Hardy,* 174 N.C. 505, 93 S.E. 976.

In the second place, conceding, without deciding, that the judgment entered by Judge Grady did pass title in remainder from these plaintiffs to Mrs. India B. Humphrey and Mary H. Humphrey, the judgment was signed and notice of appeal to the Supreme Court given before the alleged oral agreement was entered into. Hence, it was too late to engraft a parol trust there-on. It is settled law that, after title to real propery has passed, any oral agreement to engraft a trust thereon falls within the statute of frauds and no action for a breach thereof can be maintained. G.S. 22-2; *Loftin v. Kornegay,* 225 N.C. 490, 35 S.E. 2d 607; *Embler v. Embler,* 224 N.C. 811, 32 S.E. 2d 619; *Hamilton v. Buchanan,* 112 N.C. 463, 17 S.E. 159; *Blount v. Washington,* 108 N.C. 230, 12 S.E. 1008; *Pittman v. Pittman,* 107 N.C. 159, 12 S.E. 61, 11 L.R.A. 456.

Moreover, if Mrs. India B. Humphrey did make a verbal agreement with these plaintiffs to execute a will that would vest in them, at her death, title to all the property she received from her husband's estate, it would be unenforceable. *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477; *Daughtry v. Daughtry,* 223 N.C. 528, 27 S.E. 2d 446; *Price v. Askins,* 212 N.C. 583, 194 S.E. 284; *Grantham v. Grantham,* 205 N.C. 363, 171 S.E. 331.

In *Jamerson v. Logan, supra,* this Court, speaking through Stacy, C. J., said: "An agreement to devise real property is within the statute of frauds, as is also an indivisible contract to devise real and personal property. *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760."

The defendant in this action denied in her answer that the alleged oral agreement was ever made. Such denial invoked the statute of frauds as effectively as if it had been expressly pleaded. Furthermore, a denial of the agreement is equivalent to a plea of the statute. *Jamerson v. Logan, supra; Ebert v. Disher,* 216 N.C. 36, 3 S.E. 2d 301; *McCall v. Institute,* 189 N.C. 775, 128 S.E. 348. Therefore, any testimony offered to prove the parol agreement to devise the real and personal property Mrs. India B. Humphrey received from the estate of her husband, was incompetent and properly excluded on objection. *Jamerson v. Logan, supra.*

Applying the law to the facts disclosed on the record in this appeal, we hold that the judgment as of nonsuit entered in the court below was properly granted and should be upheld.

Affirmed.