M. LANGHORNE HARDY v. PAUL V. HARDY AND WIFE.

(Filed 7 November, 1917.)

**Wills—Devise—Precatory Words.**

A devise of land under metes and bounds to a son, with balance of testator's lands to his four daughters, by name, to be equally divided among them, with provision that no one of the daughters shall sell her interest until she becomes 21 years of age, "then should she desire to sell, she shall give my son the preference," etc., with further item, that it was testator's last wish that the old home shall remain intact, and his son shall eventually own it by buying his sisters' interest: *Held, precatory* words are not construed as imperative unless the contrary intent appears in construing the will, and the intent of the testator was that the son and each of the daughters should own their land in fee, giving each of the daughters the right to sell her interest, independently of the other, upon becoming 21 years of age.

THIS is a controversy submitted without action, to try the title to two tracts of land, and to recover the purchase money therefor.

L. M. Hardy, who was the owner of the land, died, leaving a will, the material parts of which are as follows:

"2. I give, devise and bequeath unto M. Langhorne Hardy, my son, of lot No. 1 of the original P. M. Hardy land, a portion described as follows: (Description omitted.)

"3. I give, devise and bequeath unto Addie N., Rebecca M., Sallie G., and Mary L. Hardy, my four daughters, the remainder of my real estate, same to be equally divided among them, each one, share and share alike, in its division, with the following provision, namely: That no one of these four heirs shall make sale of her interest until the age of 21 years shall have been reached, and then, should she desire to sell, she shall give my son, M. Langhorne, the first chance, and in the event of his purchase he shall have the period of one year in which to make settlement for same, if he so desires.

"8. It is my last wish and desire that my old home shall remain intact as it now stands, and that my son, ·M. Langhorne Hardy, shall eventually own it by buying his sisters' interests, as set out above, by all of them coming to a mutual agreement."

Addie N., mentioned in item 3, intermarried with D. A. Freeman, and after the death of said L. M. Hardy the land devised in said item was duly divided between the four children, Addie N., Rebecca M., Sallie G., and Mary L. Hardy.

Thereafter, and after the said Addie N. became 21 years of age, she and her husband conveyed the land allotted to her to the plaintiff, M. Langhorne Hardy, the devisee in item 2, and the said M. Langhorne Hardy, the plaintiff, has contracted to sell the land devised in item 2, and the land conveyed to him by his sister, Addie N., being the old home, to the defendant, who has refused to accept a deed and pay the purchase money, upon the ground that the title of the plaintiff is defective.

Two of the daughters, devisees in item 3, are not 21 years of age.

His·Honor held that the title of the plaintiff was good, and rendered judgment requiring the defendant to accept the deed of the plaintiff and pay the purchase money, and the defendant excepted and appealed.

*Loftin, Dawson & Manning for plaintiff.*
*Y. T. Ormond for defendant.*

ALLEN, J.　Under the early English and American authorities, language is a will expressive of the wish or desire of the testator as to the disposition of his property was generally held to raise a trust, or to limit the estate devised, unless a contrary intent was manifest from a consideration of the whole will; but the tendency of modern authority

is to reverse this rule, and to hold that precatory words "are not to be regarded as imperative unless it is plain from the context that the testator so intended them."

The question is fully discussed and the authorities cited by *Connor, J.,* in *St. James Church v. Bagley,* 138 N. C., 34; *Clark, C. J.,* in *Fellowes v. Durfey,* 163 N. C., 305, and by *Hoke, J.,* in *Carter v. Strickland,* 165 N. C., 70.

Applying this principle, we are of opinion that item 8 of the will of L. M. Hardy does not establish a trust or limit the estates devised in items 2 and 3 of the will.

It does not purport to command, but merely to express a wish, and the testator points out the way in which he hopes his desired object may be attained, which is that M. Langhorne may buy the interest of his sisters by mutual agreement. This recognizes the right of the sisters to sell at their own price, and that the son cannot acquire title except by purchase, thus showing that the desire of the testator that his son should eventually own the home place could only be carried into effect by contract between the parties, with no limitation on the right to contract, and not under any condition imposed by the testator.

He leaves them free to contract on their own terms, but hopes that they may reach an agreement and that his son may buy the home place.

Eliminating, therefore, the eighth item, there is nothing to prevent the plaintiff from conveying a good title to the land in item 2, which is devised to him absolutely; nor do we think the provision in item 3 restricts the right to sell until all the daughters reach the age of 21 years.

There is force in the contention of the defendant that the restriction upon the right to sell is meaningless, unless it was intended that no part of the land should be sold until all the daughters became 21, as no one of them could make a sale until she reached that age, in the absence of the provision, but this cannot prevail against the plain language of the will.

In the first part of the item the land is devised to the four daughters absolutely, to be equally divided among them, and there is no condition annexed to the devise, and nothing in the whole item, requiring the division to be postponed until all became 21 years old. They then had the right to partition at once, and acting upon this construction the parties have had their shares set apart to them in severalty. If so, why should the testator say that a daughter who had reached 21 years, and whose share had been allotted to her, could not sell her lot until another daughter, who owned another share and had no interest in the first, became 21?

Again, the language is, "no one of these," "her interest," "then should *she* desire to sell," "she shall give," referring to each one as she reaches 21, and not to all the daughters:

Affirmed.