This is an action to remove a cloud upon title submitted upon the pleadings and agreed statement of facts. Richard A. Springs, of Charlotte, died in 1879. On 28 June, 1870, he wrote and signed the following paper-writings, which were admitted to probate in Mecklenburg Superior Court on 5 July, 1879, the whole of said writings being in testator's own handwriting, except the signature of John F. Orr as a witness, to wit:
CHARLOTTE, N.C. 28 June, 1870. To whom it may concern:
Knowing the uncertainty of life, and wishing to have my worldly goods disposed of according to my wishes, I make my last will and testament.
I will first that all my debts be paid. Secondly, I will, devise, give and bequeath all my real and personal estate and valuables of every kind to my sister, Alice V. Springs, and I wish Gen. Robert D. Johnston to act as trustee for her until her twenty-third birthday.
Given under my hand and seal this 28 June, 1870.
 R. A. SPRINGS. [SEAL.] Witness: JOHN F. ORR. (485)
To my Sister Alice:
When you are made acquainted with the contents of this will, it is my wish that you make a will immediately and leave all of your property to our nephew, John M. Springs. Should you marry *Page 518 
afterward you can then tear up the will. My object is to have my property given to you first, but should you die without children, I wish you to leave your property to Johnny Springs.
 Very affectionately, your brother, R. A. SPRINGS.
The testator had never married, and left him surviving five sisters, one of whom is the plaintiff, the other four being then married; one brother, and the children of a deceased brother, who had left a widow and five minor children, the defendant, John L. Springs, being next to the youngest of them, and the only boy. The testator left an estate, real and personal, including a half interest in fee simple in a lot in Charlotte described in the complaint, the whole valued at that time at about $13,300. At the date of the paper-writing, and at the death of the testator, the plaintiff had property estimated to be worth $2,000, or $2,500, inherited from her father.
The only question involved in this appeal is whether under the will of Richard. A. Springs the plaintiff was seized of an absolute fee simple title to the property in question to the exclusion of the defendants. The court below so held, and the defendants appealed.
The defendants contend that the will and the lower script having been probated in common form, the lower script has been adjudicated to be a part of the will. We do not deem it essential to discuss this point, for taking it to be true that it has been so adjudicated, we think that the words in the script are simply precatory and not mandatory. It would seem that the appended letter was not intended to operate as a part of the will, but as merely a private letter of recommendation; but passing that by and taking it to have been proven as a part of the will, still it seems to us that the effect is not at all different.
The will itself, excluding the script, is a devise absolute in terms, and it will not be impressed with a trust by reason of words of "request" or "desire" contained in the subsequent and independent clause. The words used in the will proper are unequivocal and clearly vested a fee simple absolute in the plaintiff, and did not create a trust. The words of the script, taken as a part of the will, (486) should be taken as having been used in their usual and *Page 519 
commonly accepted sense, and in the absence of clear indication of a contrary intent, expressions of "wish," "hope," etc., are not to be construed as creating a trust.
The will was complete in itself, and disposed of all his property absolutely in his sister, the plaintiff. It is given under his hand and seal, and is witnessed. While the seal was not necessary, it indicates an intention of making it his solemn act, and as such he had it duly witnessed, and it is directed to the public generally. The script appended on the same sheet is evidently an intimate letter addressed "To my sister Alice," and has no seal nor witness. The first line of this script states to his sister that when she is made acquainted "with the contents of thiswill," it is his wish that she would make a will leaving "all your
property" to their nephew, John M. Springs. These words embrace the property which he knew the plaintiff had already inherited from her father, as well as that which she would take by virtue of this will. This indicates that it was a mere wish, for he had no power to require her to devise "all"her property to the nephew. He further states in this note to his sister that if she should marry after making such will she could tear it up, notwithstanding the request that he had made, and he further states that his object is to give his property to her first, but that if she should die without children, he wished her to leave "your property to Johnnie Springs," and he signs this script "very affectionately, your brother."
The broad and comprehensive terms of the devise to the plaintiff made her the sole beneficiary. No logical reason has been assigned why if the testator desired to make the contents of his affectionate note to his sister a limitation on his absolute devise to her he did not incorporate it in the will as signed, sealed and witnessed at the same time. The fact that he did not do so is conclusive evidence that he did not intend the letter to operate as an imperative testamentary command imposed as a charge upon his devise of all his property to her. Indeed, he suggests in his note not only that she should devise all her property, which would include that which she already had, as well as that which he had given her, but he adds that if she should marry she could tear up the will, thus indicating that her compliance with his request was not absolute or imperative.
Had the testator desired and intended to place an obligatory burden upon the devise to his sister whereby in the event of her death without children his property should go to their nephew her would certainly have written, "But should you die without children my property (or the property herein devised) shall go to John Springs." And, furthermore, he would have included a provision of *Page 520 
such importance in the will proper which he had signed, (487) sealed and caused to be witnessed, whereas there was no witness or seal to the script. It is significant that his request to his sister is one which he knew could not be obligatory, for it is the expression of a wish that she should devise all "her" property to the nephew, which he knew was not binding upon her, for he was aware that she already had independent property of her own and points out that if she desired she could afterwards tear up the will if so made.
It is true that under the old English decisions, which were followed by a few of the early cases in this country, the expression of a wish by the testator, like that of a sovereign, was construed as a command, but all the later cases, both in England and in this country, repudiate the doctrine, and hold that in the absence of a clear indication of a contrary intent, expressions of "wish," "desire," etc., are to be taken as used in their commonly accepted sense, and are not to be artificially construed by the courts as a trust. In this State to this effect, Alston v. Lea, 59 N.C. 27;Batchelor v. Macon, 69 N.C. 545; Young v. Young, 68 N.C. 309; St.James v. Bagley, 138 N.C. 348; Hayes v. Franklin, 141 N.C. 599; Fellowesv. Durfey, 163 N.C. 305; Carter v. Strickland, 165 N.C. 69; Hardy v.Hardy, 174 N.C. 505; Laws v. Christmas, 178 N.C. 359; Waldroop v.Waldroop, 179 N.C. 674.
The decisions are to the same effect elsewhere, and are summed up, 37 L.N.S. 646, notes; Ann. Cases, 1915D, 416, note; 2 Underhill on Wills, 1151et seq.; 1 Perry on Trusts 147.
The subject is nowhere better stated than in a review of the cases in this and other states by Mr. Justice Hoke in Carter v. Strickland,165 N.C. 69, as follows: "Some of the earlier English cases, and they have been followed by decisions in this country, are to the effect that a trust will be engrafted or imposed upon an estate, absolute in terms, or upon its holder, by reason of precatory words in a will whenever the objects of the precatory language are certain and the subject of the recommendation or wish is also certain — a position supposed to best effectuate the intent of the testator. A consideration of the later cases, however, will show that, in the decisions referred to the principle has been too broadly stated, and it is now the prevailing doctrine, certainly so in this jurisdiction, that such words will be given their ordinary significance, and will not have the effect above stated, unless from the terms and dispositions of the will and the circumstances relevant to its proper construction it clearly appears that they are to be considered as imperative and that the testator intended to create a trust." *Page 521 
That case has been cited with approval in the subsequent cases on the subject, and is almost exactly on all fours with this case. In 2 Underhill on Wills, 1156, it is said: "The current of the decisions, both in England and the United States, indubitably shows that precatory trusts are not to be favored, nor is their extension (488) to be encouraged by the courts."
Indeed, C.S. 4162, has made this ruling statutory. "When real estate shall be devised to any person the same shall be held and construed to be a devise in fee simple, unless such devise shall in plain and express words show, or it shall be plainly intended by the will or some part thereof, that the testator intended to convey an estate of less dignity."
The rule is well settled that in a will no words are necessary to enlarge an estate devised or bequeathed into an absolute fee. On the contrary, restraining expressions must be used to confine the gift to the life of devisee or legatee. Holt v. Holt, 114 N.C. 241; Jones v. Richmond,161 N.C. 553.
In Griffin v. Commander, 163 N.C. 230, where the testator devised to his wife "all the remainder of my estate, real and personal, with power to give and devise the same after her death to her beloved children and grandchildren," it was held that she took in fee simple.
In Fellowes v. Durfey, 163 N.C. 305, where, after giving the property to the testator's widow in subsequent clauses the will goes into elaborate details and directions as to advancements, and in other respects authorizing her to make provision for their children, the Court held that the widow took an estate in fee simple absolute.
The judgment of the court below is
Affirmed.