BEN J. DIXON ET AL. v. W. E. HOOKER ET AL.

(Filed 5 November, 1930.)

**Wills E b—In this case held: bequest was absolute and legatee had power of disposition of property by will.**

A bequest to the testator's wife of all his personal property to have the use and benefit of as long as she may live, and in the event that she does not use it all "it is my wish and desire . . . that she give and bequeath" certain sums to designated persons, without further restraint either by residuary clause or otherwise, passes the absolute title to the personal property to the wife who may dispose of that remaining at her death as she desires, the wording of the testator's will being insufficient to impose a trust upon the property or to control her disposition thereof, and being merely an expression of his wish in regard thereto.

APPEAL by plaintiffs and by defendant, the Christian Church of Greenville, N. C., from *Barnhill, J.,* at May Term, 1930, of PITT. Affirmed.

This action arose out of a controversy involving the title to certain personal property now in the possession of the defendants, W. E. Hooker, and the Greenville Banking and Trust Company, executors of Mrs. Gertrude H. Coward, deceased.

The action involves, primarily, the construction of certain items of the last will and testament of H. L. Coward, deceased, the husband of Mrs. Gertrude H. Coward, who died in Pitt County, during the year 1922. The said items are as follows:

22—199

"Item 2. I hereby give and bequeath to my beloved wife, Gertrude H. Coward, for and during her natural life, all of my property, both real and personal, to have the use and benefit of so long as she lives."

"Item 6. My wish and desire is that in the event that my wife should not spend and use all of the personal property mentioned in Item 2 of this will for her support while she lives, that she give and bequeath at her death $1,000 in cash or bonds or stock to the Christian Church of Greenville, N. C., in which we hold membership, and the remainder of the said personal property mentioned in said item, she give and devise to my sister, Gabrella Dixon's children, but I want my wife to use and spend just as much of said personal property as she desires for her comfort and pleasure."

By other items of his said last will and testament, the said H. L. Coward gave and devised to persons named therein the real property which by Item 2 he had given and devised to his wife, for life.

Mrs. Gertrude H. Coward, by virtue of Item 2 of said last will and testament, became the owner, at the death of her husband, of certain personal property which was owned by him at his death. The personal property described in the complaint in this action is the remainder of said property, which she did not use or expend during her lifetime, for her comfort and pleasure. The title to this personal property, at her death, is the subject-matter of the controversy out of which this action arose. The said personal property is now in the possession of the defendants, executors of Mrs. Gertrude H. Coward, who died during the year 1929, having first made and published her last will and testament which has been duly probated and recorded in the office of the clerk of the Superior Court of Pitt County.

By her last will and testament Mrs. Gertrude H. Coward did not give and bequeath to the Christian Church of Greenville, N. C., the sum of $1,000 in cash, or bonds or stock; she did, however, give and bequeath to said Christian Church of Greenville, N. C., by Item 4 of her last will and testament, the sum of $5,000, "to be used as a foundation of a fund for the construction of an educational building for that church."

By her last will and testament, Mrs. Gertrude H. Coward did not give and bequeath the personal property which she owned at her death, by virtue of Item 2 of the last will and testament of her husband, H. L. Coward, to the children of his sister, Mrs. Gabrella Dixon; she did not give and bequeath to said children any property whatever, nor did she refer in her last will and testament to the provisions of Item 6 of the last will and testament of H. L. Coward, deceased. By Item 8 of her last will and testament, the said Mrs. Gertrude H. Coward gave and bequeathed "all the rest, balance, and residue of her (my) property of whatever kind, nature and description, and wherever the same may be

located, to the Atlantic Christian College, Wilson, North Carolina, to be used by said college in the erection, enlargement and repair, equipment or maintenance of a library to be known as The Coward Memorial Library. The fund may be used by the college for either or all of the purposes enumerated above."

The plaintiffs in this action are the children of Mrs. Gabrella Dixon, sister of H. L. Coward, deceased, and the administrator, *de bonis non, cum testamento annexo,* of the said H. L. Coward. They and the defendant, the Christian Church of Greenville, N. C., contend that by a proper construction of Item 2 of the last will and testament of H. L. Coward, deceased, his wife, Gertrude H. Coward, was the owner, only for her life, of so much of the personal property given and bequeathed to her by said Item 2, as she did not use and spend during her life; and that by a proper construction of Item 6 of said last will and testament, the defendants, executors of the said Mrs. Gertrude H. Coward, now hold the personal property described in the complaint, in trust for the payment of the sum of $1,000 to the Christian Church of Greenville, N. C., and, after the payment of said sum, for the plaintiffs, the children of Mrs. Gabrella Dixon; and that if this contention is not sustained, that at the death of Mrs. Gertrude H. Coward, the plaintiff, administrator, *d. b. n., c. t. a.,* of H. L. Coward, was the owner and entitled to the possession of said personal property.

The defendants, the executors of Mrs. Gertrude H. Coward, deceased, and the Atlantic Christian College, on the contrary, contend that upon a proper construction of Item 2 of the last will and testament of H. L. Coward, deceased, his wife, Mrs. Gertrude H. Coward, at his death, became the owner, absolutely, and not for her life only, of all the personal property then owned by the said H. L. Coward; and that she took the absolute title to said personal property, with no trust whatever imposed thereon by virtue of the provisions of Item 6 of the last will and testament of H. L. Coward, deceased.

Upon consideration of these conflicting contentions the court was of opinion that the contentions of the defendants, other than the Christian Church of Greenville, N. C., should be sustained.

From judgment on the admissions in the pleadings and in accordance with the opinion of the court, the plaintiffs and the Christian Church of Greenville, N. C., appealed to the Supreme Court.

*Louis W. Gaylord and Harding & Lee for the plaintiffs.*
*Lewis G. Cooper for defendant, Christian Church of Greenville.*
*Albion Dunn for defendants, executors of Mrs. Gertrude H. Coward.*
*W. A. Lucas and F. G. James & Son for defendant, Atlantic Christian College.*

CONNOR, J. The law with respect to the title by which Mrs. Gertrude H. Coward took the personal property given and bequeathed to her by her husband, H. L. Coward, deceased, by Item 2 of his last will and testament, is stated in the opinion of this Court in *Jordan v. Sigmon,* 194 N. C., 707, 140 S. E., 620. Speaking of Item 2 of the last will and testament of M. D. Sigmon, involved in that case, which is almost identical in language with Item 2 of the last will and testament of H. L. Coward, involved in the instant case, *Stacy, C. J.,* says:

"It will be observed that there is no residuary clause in the will, and no limitation over so far as the personal property is concerned. Under these conditions, a gift of personal property for life to the primary object of testator's bounty, with power to use in any way that she may desire is generally construed to be an absolute gift of the property. *Holt v. Holt,* 114 N. C., 242, 18 S. E., 967; *McMichael v. Hunt,* 83 N. C., 344; *Foust v. Ireland,* 46 N. C., 184. Especially is this true when the property by reason of its amount and kind, may reasonably be expected to be consumed during the life of the donee, or within a short time after the death of the testator. *In re Estate of Rogers,* 245 Pa., 206, 91 Atl., 351, L. R. A., 1917A, 168. And this is not affected by the use of the words 'for her support, comfort and enjoyment,' as they are but terms consonant with full ownership of the property."

In *Jones v. Fullbright,* 197 N. C., 274, 148 S. E., 229, it is said: "The accepted doctrine is this: If an estate be given to a person generally or indefinitely, with a power of disposition, it carries the fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the expressed limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee. 4 Kent Com., 520, cited in *Chewning v. Mason,* 158 N. C., 578. This doctrine has been clearly stated in reference to both real and personal property in several of our decisions, among which are *Troy v. Troy,* 60 N. C., 624; *Chewning v. Mason,* 158 N. C., 578; *Allen v. Smith,* 183 N. C., 222; *Roane v. Robinson,* 189 N. C., 628. See, also, *Roberts v. Saunders,* 192 N. C., 191. In *Long v. Waldraven,* 113 N. C., 337, the following clause in the will of John B. Doub was contested: 'It is my will that after the death of my wife my estate shall be equally divided between the heirs of my brothers and sisters, with the exception of one-third of my estate, which I leave at the disposal of my wife to be left as she may will.' The Court held that the testator's widow took a life estate in all the personalty with the power of disposing of one-third of it during her life, and that as she failed to make such disposition the personal property went to the heirs of the testator's brothers and sisters."

In *Jones v. Fullbright, supra,* it was held that where personal property was given and bequeathed by the husband in his last will and testament to the wife, for her natural life, with a limitation over, upon her death, the wife took the property only for her life, notwithstanding said property was given and bequeathed to her to be used and disposed of during her life as she might see fit. In that case it is said: "But there was a direction that the proceeds of the personal property and of the cash referred to in paragraph 5 'not disposed of by her during her life,' should be collected and sold for cash by a commissioner appointed by the court. We think it obvious that the testator thereby intended to give to his wife only a life estate in the personal property and in the cash described in paragraphs four and five of the will."

If the language used by H. L. Coward in Item 6 of his last will and testament, under a proper construction, is a limitation over of so much of the personal property given and bequeathed by him to his wife, Mrs. Gertrude H. Coward, for her life, as remained at her death, unused and unexpended by her during her life, for that said language is a direction by him that the sum of $1,000 should be paid to the Christian Church of Greenville, N. C., out of said property, and that the remainder should go to the children of his sister, Mrs. Gabrella Dixon, then under *Jones v. Fullbright,* Mrs. Gertrude H. Coward took only a life estate in said property, and there was error in the opinion of the Court to the contrary.

On the other hand, if the said language is not a limitation over, but is only an expression of the wish and desire which the testator had at the date of the execution by him of his last will and testament, and which he intended that his wife should observe or not, in her discretion, then under *Jordan v. Sigmon,* she was the owner of the property described in the complaint, absolutely, and not for her life only and the judgment of the Superior Court must be affirmed.

It is clear from the language used by the testator in Item 6 of his last will and testament that he did not give and bequeath to the Christian Church of Greenville, N. C., the sum of $1,000, nor did he give and bequeath to the children of his sister the said property or any part thereof; he was content to express a wish and desire that his wife, Mrs. Gertrude H. Coward, should make these gifts. There was no limitation over of the personal property which he had given and bequeathed to his wife for her life by Item 2 of his will, for it is manifest that it was not the intention of the testator that the Christian Church of Greenville, N. C., or that the children of his sister should take under his will; at most they were to take from and under his wife, Gertrude H. Coward.

It is also clear that the testator did not intend by the language used by him to impress upon the title of his wife to the personal property

given and bequeathed to her by Item 2 of his will, any trust in favor of the Christian Church of Greenville or of the children of his sister, Gabrella Dixon. Whether or not she should give and bequeath to said church the sum of $1,000, or to said children the remainder of the personal property, given and devised to her by Item 2 of said will, and not used or expended by her during her life, was to be determined by her in the exercise of her discretion. As to the disposition of said personal property after the death of his wife, the testator was content to leave this matter to her discretion, realizing, doubtless, that the conditions under which he made his will might not exist after his death, and while his wife was living.

This construction of the language in Item 6 of the last will and testament of H. L. Coward is in accord with authoritative decisions of this Court. *Springs v. Springs,* 182 N. C., 487, 109 S. E., 839; *Hardy v. Hardy,* 174 N. C., 505, 93 S. E., 976; *Carter v. Strickland,* 165 N. C., 69, 80 S. E., 961; *St. James v. Bagley,* 138 N. C., 384, 50 S. E., 841.

We find no error in the opinion of the court in accordance with which the judgment was rendered. It is, therefore,

Affirmed.