Civil action, brought by administratrix c. t. a. of the estate of E. R. Black, to obtain a construction of the testator's will and for guidance in the discharge of her duties. *Page 744 
The only clause in the will submitted for construction is as follows:
"That I will all of my personal and real estate to my wife, Rachel E. Black, to be used as she sees fit, and at the expiration of her life to go to my daughter Ruth, if she is living, if she is not living, to go to my sisters and brother."
The defendant is the daughter of the testator mentioned in the will.
The testator also left him surviving one brother and three sisters.
The estate is not large; it consists of personal property; the major portion of which is common stocks of various corporations. There is no real estate.
The trial court being of opinion "the testator intended by the said will that his widow should have the right to hold the said personal property and to use, not only the income, but also so much of the principal or corpus
thereof as might be necessary for her comfort and support," entered judgment accordingly, from which the defendant appeals, assigning error.
It would seem that under the decision in Jordan v. Sigmon, 194 N.C. 707,140 S.E. 620, the defendant is in no position to complain at the judgment entered below. Compare Speight v. Speight, 208 N.C. 132,179 S.E. 461.
The cases cited by appellant, Dixon v. Hooker, 199 N.C. 673,155 S.E. 567, and Allen v. Smith, 183 N.C. 222, 111 S.E. 11, were given due weight by the trial court. They are not controlling on the facts presently presented.
Affirmed.