## Tom *v.* Tom

[No. 16,384.   Filed March 27, 1940.]

*Hemphling & Smith,* for appellant.
*Brubaker & Rockhill,* for appellee.

STEVENSON, J.—This action was brought by the appellee, Martha Tom, for the partition of certain real estate located in Kosciusko County. The appellee was the second childless wife of John F. Tom who died testate in Kosciusko County on February 15, 1933. By the terms of his will, which was duly admitted to probate in the Kosciusko Circuit Court on the 23rd day of February, 1933, the testator gave and devised all of the real estate to his wife, appellee herein, for and during the term of her natural life with the remainder over to his son, the appellant herein, or his heirs. The appellee herein renounced the provisions of the will and elected to take under the statute as a childless second wife. She then filed a complaint for partition of the real estate of which her husband died seized. In her complaint she alleged that she was the owner of an undivided one-third part of such real estate for and during her natural life and that the appellant herein was the owner of the remainder of said real estate. She alleged that the same was not divisible, and asked that the real estate be sold and the proceeds divided between the parties according to their respective interests.

To this complaint the appellant, Earl Tom, filed an answer in two paragraphs. The first paragraph was in general denial, and the second paragraph alleged the execution and the probate of the will, by the provisions of which the appellee herein was entitled to a life estate, with the remainder in fee to the appellant. That under the provisions of §3-2406 Burns Indiana Statutes 1933, §1111 Baldwin's 1934, no sale of said real estate could be ordered since such order would be contrary to the provisions of the last will of John F. Tom, deceased. A demurrer was filed to the second paragraph of answer, which demurrer was sustained. The case was submitted to the court

for trial upon a stipulation of facts and the court entered a decree and judgment in favor of the appellee, ordering a partition and sale of the land in question. The court further ordered that from the proceeds of such sale the costs and expenses be first paid "including the fees and commission of said commissioner and the fee for the plaintiff's attorneys." A motion for new trial was filed and overruled and this appeal has been perfected.

The errors relied upon for reversal are, first, error in sustaining the demurrer to the second paragraph of answer; second, error in including a fee for the plaintiff's attorneys to be paid from the proceeds of the sale; third, error in overruling appellant's motion for new trial.

The facts were stipulated. The principal question presented for our consideration is whether or not the appellee, as a second childless wife, to whom was devised the real estate in question for life by the will of her deceased husband, may, upon her election to take under the law, maintain an action for the partition of the real estate as against a remainderman who is a sole surviving heir at law of said testator and a child by a former marriage.

The appellant contends that since an order of partition and sale of the real estate was contrary to the intention of the testator as expressed in his will, the same is forbidden by §3-2406 Burns Indiana Statutes, 1933, §1111 Baldwin's 1934. This statute reads as follows:

"Such court shall not order or affirm partition of any real estate contrary to the intention of the testator expressed in his will."

It is clear that this statute was not intended to govern the rights of parties not affected by the will. This

statute is applicable only where the rights of all parties are fixed by the provisions of the will under which they claim title. As was said by the Supreme Court of Illinois: "A court of equity will not grant partition in favor of the complainants in violation of conditions and restrictions created by the will or other writing from which the complainants derive their title." *Winemiller* v. *Mossberger* (1933), 355 Ill. 145, 154, 188 N.E. 903. In the instant case the appellee renounced the provisions made for her in her husband's will and elected to take under the laws of descent. As to her interest in the land thus acquired, the will is inoperative and she is not bound by any of its provisions. As was said by the Supreme Court of Missouri in the case of *Dobschutz* v. *Dobschutz* (1919), 279 Mo. 120, 213 S.W. 843, in regard to the right of pretermited heirs not taking under the will to enforce partition (p. 124):

". . . The plaintiffs are not seeking partition contrary to any will *which affects them*. They are no more bound by the terms of the will in respect to their remedies than they are in respect to their substantive rights."

It is our opinion therefore, that the statute which the appellant seeks to invoke to present a partition in this case is not operative as against the appellee's rights acquired under the laws of descent. There was accordingly no error in sustaining the appellee's demurrer to the appellant's second paragraph of answer.

The appellant further contends that the evidence fails to show that the appellee and appellant are joint tenants or tenants in common of the real estate sought to be partitioned and hence no right of partition exists. We cannot agree with this contention. The facts as stipulated show that the

testator by Item 4 of his will gave and devised all of the real estate of which he died the owner, to the appellee for and during the term of her natural life with the remainder over in fee to his son. It follows, therefore, that when the appellee renounced the provisions of the will and elected to take under the law, she acquired a life estate in a one-third part of the real estate of which her husband died seized, and her life estate in the remaining two-thirds of said real estate remained undevised on account of her said election and descended under the laws of descent to the appellant. *Rocker* v. *Metzger* (1908), 171 Ind. 364, 86 N.E. 403. The widow's election to take under the law was a rejection of the life estate devised to her by the will and consequently no disposition was made of such life estate by the will. This life estate therefore was cast upon the appellant and the appellee as tenants in common by the laws of descent. As such tenants in common, either was entitled to maintain an action for partition. Sec. 3-2401 Burns Indiana Statutes 1933 §1106 Baldwin's 1934. See also *Swain* v. *Hardin, et al.* (1878), 64 Ind. 85; *Hawkins* v. *McDougal* (1890), 125 Ind. 597, 25 N.E. 807; *Tower* v. *Tower* (1895), 141 Ind. 223, 40 N.E. 747. There was accordingly no error in overruling the appellant's motion for new trial.

The appellant further contends that the court erred in finding and adjudging that from the proceeds of the sale of the real estate the costs and expenses of the action be first paid including the fees for the plaintiff's (appellee's) attorneys. This error, if any, should have been presented by a motion to modify the judgment.

"The rule is that, if the judgment gives the party obtaining the same greater or less relief than he is entitled to under the verdict or finding,

the remedy is by motion to modify the judgment. *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 49 N.E. 1050; *Warrick* v. *Spry* (1912), 49 Ind. App. 327, 97 N.E. 361." *Moore* v. *Moore* (1921), 74 Ind. App. 626, 630, 129 N.E. 480. See also *Sahm* v. *State ex rel.* (1909), 172 Ind. 237, 88 N.E. 257.

Since no motion to modify the judgment was filed in this case, we hold that the question of the allowance of fees for the appellee's attorneys is not properly presented under the second assignment of error.

No reversible error having been shown, the judgment of the trial court is affirmed.