**THOMPSON, Estate of, In re: KARL, Extrx., Plaintiff-Appellee, v. PRICE, Defendant-Appellee, THOMPSON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5420.   Decided June 1, 1956.

Thomas A. White, Columbus, for plaintiff-appellee, Executrix.

Forrest R. Detrick and Frank A. Koenig, Worthington, for defendant-appellant, Louis M. Thompson.

274

Elwood Carpenter, Richard C. Addison, Columbus, for defendant-appellee, Hattie E. Price.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION
By HORNBECK, J.

This is an appeal from an order of the Probate Court construing the last will and testament of Elizabeth Thompson, deceased.

The parts of decedent's will material to this appeal are:

"ITEM II. As my daughter, Hattie E. Price, and her family now live in my home property with me, and as my said daughter has promised to continue to live with me and give me such care and attention as I may require for the rest of my life, I give, devise, and bequeath to my said daughter, Hattie E. Price, thirty-one (31) acres of land, together with all buildings thereon, off the south end of my farm of about 59 acres now owned and occupied by me, and I desire that the north line of said thirty-one (31) acres so devised to my daughter shall be a line parallel with the south line of my said farm, and far enough north from the south line to contain thirty-one (31) acres of land."

"I also give and bequeath to my said daughter any and all household goods and any and all chickens which I may own at the time of my death."

"ITEM III. As my son, Louis M. Thompson, now resides in the buildings on the north end of my said farm, I give and devise to my said son, Louis M. Thompson, the entire balance and remainder of my farm, comprising twenty-eight (28) acres, more or less, which remains after the thirty-one acres devised to my said daughter under Item II of this will."

Plaintiff instituted her action in Probate Court in which were propounded two questions, answers to which required the construction of decedent's will. These questions were:

1. Did the testatrix intend to divide her real estate so that both residence properties would be included in the part devised to her son, Louis M. Thompson, or did the testatrix intend to include in the 31 acres devised to her daughter, Hattie E. Price, the residence formerly occupied by her and presently occupied by said daughter?

2. Should the court determine that it was the intention of the testatrix to include in the 31 acres devised to her daughter, Hattie E. Price, the residence presently occupied by said daughter, in what manner should the executrix proceed to make division?

The trial judge answered the first question in the negative and in answer to the second question directed the testatrix to locate the line

separating the two tracts of land devised by Items II and III of the will, according to metes and bounds set out in the judgment entry and so as to include "31 acres of land in the south tract together with the residence and the garden and other buildings used in connection with the home."

The appeal is directed to the order construing the will and assigns two errors:

1. To the admission of all of the evidence offered on behalf of defendant-appellee relative to the intent of the testatrix; and

2. In holding that a latent ambiguity existed and by reason of such ruling used the evidence offered on behalf of the defendant-appellee relative to an alleged intent of the testatrix and thereby construed the will different from the clear and unambiguous terms as set forth therein.

It is the claim of appellant that the language of the will is definite and complete requiring no aid in its construction. On the other hand, Hattie E. Price, appellee, insists that there is a latent ambiguity in Item II of testatrix's will which requires extraneous evidence to make definite its meaning which is in accord with the order of the trial judge.

We are favored with the written opinion of Judge Walcutt and are satisfied that he has properly resolved the issues and that the cases which he cites are pertinent. No good purpose would be served by restating the facts which are rather extensive or again citing applicable authorities. We adopt the opinion of Judge Walcutt.

Upon the specific assignments of error, the trial judge did not err in holding that, considering the language of the will together with the oral testimony, there was a latent ambiguity in the will. Nor was any of the testimony extraneous to the will improperly admitted. The declarations of the testatrix were admissible not to contradict but to assist in the determination of her intention in the use of language which was susceptible of two interpretations. Page on Wills, Volume 4, page 669, Section 1625.

The contention of counsel is that much of the evidence is not admissible because it does not relate itself to the intention of testatrix at the time of the execution of her will, which is the controlling test. This testimony was admissible and relevant upon the determinative question of intent. Its weight and probative effect was for the trial judge.

We direct attention to a few applicable excerpts from the excellent treatise of Page on Wills which relate to principles controlling the construction of wills and which, in our opinion, confirm the holdings of the trial judge in this case. They will be found in Page on Wills, Volume 4, pages 628-633, Sections 1618, 1620; Volume 4, page 655, Section 1624; Volume 2, pages 815, 816; Section 920.

We find no error assigned well made. The judgment will be affirmed.

MILLER, PJ, FESS, J, concur.