Doris J. DWYER, Sharon L. Dwyer Buzard, Vernon L. Stratton, Gregory Stratton, Sheila Stratton Mack, Sherri Stratton Diaz, Edward Stratton, Janet Gayle London, Mark Allyn London and Karen Jeffers, Appellants–Plaintiffs,

v.

Ruth ALLYN, Allyn Simpson, Ronald Simpson, Kenneth J. Juncker, Mary Juncker, Emily A. Yount, Louis Allyn, David Allyn, Marilyn Thompson, the Unborn Children of Karen Jeffers, the Unborn Children of Sheila Stratton

Mack, the Unborn Children of Edward Stratton, the Unborn Children of Sherry Stratton Diaz, and the Unborn Descendants of Ida Stratton, Allyn Simpson and Ronald L. Simpson, as Co–Personal Representatives of the Estate of Wilma L. Simpson, Kenneth J. Juncker and Brenda J. Thompson, as Co–Personal Representatives of the Estate of Otis B. Allyn, Deceased Marilyn K. Thompson and Ronald L. Simpson, as Co Guardians of Ruth Allyn, an Incapacitated Person, Appellees–Defendants.

No. 65A01–9203–CV–67.

Court of Appeals of Indiana,
First District.

July 20, 1992.

Edwin W. Johnson, Robert W. Rock, Johnson, Carroll and Griffith, Evansville, for appellants-plaintiffs.

Hawley, Hudson & Almon, Mt. Vernon, for appellees-defendants.

BAKER, Judge.

"Wills and the construction of them do more perplex a man than any other learning," mused the venerable Lord Coke in *Roberts v. Roberts*, 2 Bulstr. 124, 130, 80 Eng.Rep. 1002, 1008. Unfortunately, his observation still rings true today, as the pitched legal battle currently confronting us proves.

The sole issue raised in this appeal is whether the following sentence from the will of Ida W. Stratton is precatory or imperative: "It is my desire that said real estate [an undivided one-third interest in 210 acres] not be sold or divided among my children or grandchildren for so long as any one or more of my children shall live." Two of Ida's four children still live. Therefore, if Ida's words cast an imperative, the bequeathed real estate may not be sold or divided. If, on the other hand, Ida's words are suggestive only, meant merely to advise her heirs about her wishes, the language is precatory and, as explained below, the land may be sold or divided.

The heirs to Ida's real estate, plaintiff-appellant Doris Dwyer, her brother, and their eight nieces and nephews (collectively the descendants), want the land partitioned and argued to the trial court, unsuccessfully, the language Ida used was precatory. They now appeal the trial court's grant of

partial summary judgment in favor of defendant-appellee Ruth Allyn and her co-defendant-appellees (collectively Allyn), who together own the remaining two-thirds interest in the 210 acres and who prefer the land not be sold or divided. We must reverse.

### FACTS

Ida Stratton's will, prepared by Posey County attorney Otis Allyn and signed September 6, 1962, reads as follows:

### LAST WILL AND TESTAMENT OF IDA W. STRATTON

I, Ida W. Stratton, a resident of Posey County, Indiana, being of sound mind and disposing memory do hereby make, declare and publish this to be my Last Will and Testament, hereby revoking all former wills made by me.

I. It is my will that all my just debts and expenses be first paid out of my estate.

II. I direct that my personal property in my home excluding cash be divided among my children in such manner as they shall voluntarily agree. In the event my children are unable to agree on an equitable division of such personal property, then such items as they shall be unable to agree upon and such items as no child shall select shall be sold at private sale by my executrix hereinafter named.

III. I direct that my home at 522 Locust Street, Mt. Vernon, Indiana, be sold at public or private sale as my executrix shall deem best, provided however that there shall be at least two (2) weeks['] notice in the Mt. Vernon *Democrat* prior to any such sale.

IV. At the present time I am the owner of an undivided one-third of the following described land lying and being in Black Township, Posey County, Indiana, to-wit:
[surveyor's description of the 210 acres property].

I hereby give an undivided one-twelfth of the above described real estate being one-fourth of my interest therein, to each of the following named persons for the terms of their respective natural lives: Marjorie J. London, Doris J. Dwyer, Vera L. Stern, and Vernon L. Stratton. I give the remainder interest in such real estate following the death of each of my above named children to the descendant or descendants of each such deceased child per stirpes and not per capita. In the event one or more of my said children shall die leaving no descendant or descendants, then I hereby give the remainder interest in such real estate following the death of such child to my grandchildren living at the time of my death per stirpes and not per capita. *It is my desire that said real estate not be sold or divided among my children or grandchildren for so long as any one or more of my children shall live.*

V. I hereby give, bequeath, and devise all the rest and residue of my property, real, personal, and mixed, to Marjorie J. London, Doris W. Dwyer, Vera L. Stern, and Vernon L. Stratton, share and share alike.

VI. I hereby constitute and appoint my daughter, Marjorie J. London, executrix of this my Last Will and Testament. I hereby request that said executrix shall not be required to execute and file any bond except such as will, in the Court's opinion, provide full protection to the rights of creditors and taxing authorities.

In Witness Whereof, I have hereunto subscribed my name this 6th day of September, 1962.

/s/ Ida W. Stratton
Ida W. Stratton

[Witnesses' attestation.]

*Record* at 88 (emphasis added). Two of Ida's four children are still alive, as are eight grandchildren, all offspring of the two children who predeceased Ida. Together, these descendants own the one-third interest bequeathed to them, and together they have sought to have the land partitioned. Opposing them is Allyn, the owner of the remaining two-thirds interest.

## DISCUSSION AND DECISION

### Standard of Review

No material facts surrounding this case are disputed.[1] Accordingly, our task is limited to a determination of whether the trial court correctly applied the law to the undisputed facts. *State, ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829.

### Construction

The sole issue we have been asked to address is whether Ida's "it is my desire" language amounts to a command or a suggestion.

■ The purpose of a will, of course, is to allow the testator to finalize his or her earthly endeavors and concerns from beyond the grave. But as Lord Coke twigged long ago, testators and their attorneys are occasionally far from precise in recording the testator's final wishes. One problem, precatory language, haunts us still. Precatory words are those "whose ordinary significance imports entreaty, recommendation, or expectation rather than any mandatory direction." 80 Am.Jur.2d *Wills* § 1168 (1975). Examples have been held to include "wish," "want," "desire," "ask," "request," and "should." One thing is clear: a command must be, when possible, performed, but a suggestion need not be. *Forth v. Forth* (1980), Ind.App., 409 N.E.2d 1107; *Osborn v. Osborn* (1954), 124 Ind. App. 295, 116 N.E.2d 653; *Lewis v. Atkins* (1952), 122 Ind.App. 618, 105 N.E.2d 183.

As this court has remarked, "[c]ertain rules of construction exist." *Forth, supra,* at 1113. Foremost, perhaps, is the principle that "[w]hether words are precatory or mandatory depends upon the express intention of the testator and is determined by the context of the will." *Id.* (citing *Osborn, supra*). The *Forth* court continued:

Where the maker of the will repeatedly uses concise, legal, and technical terms to express his intention to vest an estate or interest in property, a change in phraseology to precatory expressions in connection with the disposition of other property indicates rather clearly that he did not intend such precatory words to create enforceable obligations; otherwise, he would not have abandoned language with which he was familiar and which was unmistakably suited for the purpose. *Lewis v. Atkins* (1952), 122 Ind.App. 618, 105 N.E.2d 183. Further, when a will is drafted by an experienced and skilled attorney, importance should be attached to the use of identical or different words. *Fischer v. Kaylor* (1969), 145 Ind.App. 148, 250 N.E.2d 19. Where identical words are used in the same context in the same paragraph of a will, they should be given identical meanings. *Martin v. Raff* (1944), 114 Ind. App. 507, 52 N.E.2d 839.

*Forth, supra,* at 1113. Finally, "[i]n determining the question of the testator's intention, ... it will be presumed [the testator] used precatory words in their ordinary and usual sense unless there is something to show that [the testator] intended that they be given a different meaning." *Lewis, supra,* 122 Ind.App. at 623, 105 N.E.2d at 185.

■ Turning to Ida's will, then, we are of the opinion Ida meant her "it is my desire" language to be merely an expression of her hope rather than a straightforward command. First and foremost, the greatest weight of authority holds that, absent a contrary showing, the word "desire" is precatory. 4 W. Bowe and D. Parker, *Page on the Law of Wills* § 30.22 (3rd ed. 1961); 95 C.J.S. *Wills* § 602 (1966); *Hunt v. Hunt* (1959), Tex.Civ.App., 329 S.W.2d 488.[2]

*Edgar County Children's Home v. Beltranena* (1949), 402 Ill. 385, 84 N.E.2d 363 ("it is my desire"); *Mykola v. Skeltinska* (1981), 93 Ill. App.3d 556, 49 Ill.Dec. 9, 417 N.E.2d 699 ("it is my wish and desire"); *Forth, supra* ("it is my desire"); *Flynn v. Flynn* (1971), Ky., 469 S.W.2d 886 ("with the expressed desire"); *Rouse v. Kennedy* (1963), 260 N.C. 152, 132 S.E.2d 308 ("it is my wish and desire"); *Karl v. Thompson* (1955),

---

1. The descendants claim the parties agreed no material facts were in dispute. Without explanation or elaboration, Allyn challenges this assertion. If some material fact is indeed disputed, we know nothing of it.

2. In the following cases the use of the word "desire" was found to be precatory: *Lines v. Darden and Wife* (1853), 5 Fla 51 ("I desire");

After carefully examining Ida's will in its entirety, we cannot help but observe that the language used throughout the dispositive clauses is concise, legal, and specific, and was generally placed in the active tense: "I direct," "shall," "I direct," "I hereby give," "shall," "I give," "I hereby give," and "I hereby constitute." *Record* at 88–89. In contrast to these unequivocal commands is the single use of the phrase "[i]t is my desire." Given the generally precatory nature of the word "desire" and the fact that all other verbs clearly convey a sense of obligation, in stark contrast to the phrase "it is my desire" found in the passive tense, we fail to find any indication the word should be assigned any meaning other than that importing entreaty, recommendation, or expectation. The will was drafted, we note, by an attorney experienced in the practice. *See Forth, supra.* We hold the trial court erred in determining the language at issue was mandatory and prevented partition.

■ Alternatively, Allyn contends IND. CODE 32–4–5–5, which prohibits partition of any real estate contrary to the intention of a testator as expressed in the testator's will, applies in this case. We disagree, because Allyn is not affected by the will. "It is clear that this statute was not intended to govern the rights of parties not affected by the will. This statute is applicable only where the rights of all parties are fixed by the provisions of the will under which they claim title." *Tom v. Tom* (1940), 107 Ind.App. 599, 601–602, 26 N.E.2d 410, 411. Allyn, who is not named in the will and is not bound by its terms, is not affected by it. But even if she were affected, her argument still fails, because we have found Ida deliberately withheld a statement of intention on the issue of partition. She expressed only an opinion, not a command. A partition would not be contrary to her intent and hence would not violate IND. CODE 32–4–5–5.

We are sympathetic to Allyn's position. Although Ida Stratton clearly felt it was best the land not be partitioned as long as any of her children lived, and Allyn is attempting to abide by Ida's desire, our holding today allows partition. The rules of language construction require this result. Had Ida intended to insist on the policy of no partition, she could have continued to employ the forceful language found throughout the rest of the will. Instead, she chose simply to voice her concern and let it go at that. Her words did not establish an obligation—they were advisory only. Thus, while it was her desire the land not be partitioned, she also decided the final resolution of the partition issue should lie with her heirs. Our holding respects that decision.

The trial court erred in entering partial summary judgment against Dwyer. The

Ohio Prob., 78 Ohio L.Abs. 266, 152 N.E.2d 346, *aff'd,* (1956), Ohio App., 152 N.E.2d 353 ("desired"); *In re Pittock's Will* (1921), 102 Or. 159, 199 P. 633 ("it is my desire and I request"); *Lux v. Lux* (1972), 109 R.I. 592, 288 A.2d 701 ("it is my express desire"); *Hunt, supra* ("it is my desire"); and *Langehenning v. Hohmann* (1942), 139 Tex. 452, 163 S.W.2d 402 ("being desirous"). In this next group of case, however, the opposite decision was reached: *In re Pforr's Estate* (1904), 144 Cal. 121, 77 P. 825 ("I desire and direct"); *Raines v. Duskin* (1981), 247 Ga. 512, 277 S.E.2d 26 ("I will and desire"); *Osborn, supra* ("it is my will that my son ... may and if he so desires"); *Mastellar v. Atkinson* (1915), 94 Kan. 279, 146 P. 367 ("I will and desire"); *In re Mauser's Estate* (1956), N.Y.Sur., 151 N.Y.S.2d 993 ("it is my desire"); and *Shevlin v. Colony Lutheran Church* (1955), 227 S.C. 598, 88 S.E.2d 674 ("I desire"). Despite the seemingly inconsistent results, most of these cases are reconcilable. Most acknowledge the established rule that "desire" is precatory absent evidence of a contrary intent; the difference is that in the latter category of cases, the courts, after a careful reading of the whole document, did, in fact, find evidence the testator's diction was meant as a command rather than as a suggestion.

One case in particular dramatically illustrates the process. In *Bishop v. Davis* (1979), Tenn. App., 585 S.W.2d 640, 642, the testator wrote in one paragraph of his will "it is my wish, desire, and request" that a certain act be performed, and in a second paragraph, he wrote that "it is my desire and request" another act be performed. Based on the context, the court found the language in the first paragraph was precatory but the language in the latter paragraph was meant to command.

We cite these cases for two reasons. First, they support the position that "desire" is normally a precatory word to be given precatory effect until a contrary intent appears. Second, they illustrate the need for individualized evaluation.

will does not prohibit partition. The cause is reversed and remanded with instructions to proceed in a manner consistent with this opinion.

ROBERTSON and GARRARD, JJ., concur.